Lloyd SHELTON, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 13255.

United States Court of Appeals
Seventh Circuit.

July 13, 1961.

William M. McGovern, Jr., Chicago,
Ill., for petitioner-appellant.

C. M. Raemer, U. S. Atty., William A.
Young, Asst. U. S. Atty., Danville, Ill.,
for respondent-appellee.

Before DUFFY, SCHNACKENBERG
and MAJOR, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Lloyd Shelton, petitioner, has appealed from an order of the district court entered November 16, 1960, denying, without a hearing, his verified motion filed October 17, 1960 to vacate judgment and sentence,[1] in which he alleged, *inter alia,* that he entered a plea of not guilty and was standing trial at the time when his attorney moved to suppress the evidence to be used against him, that said attorney advised him to plead guilty and he would talk to the trial judge about the sentence to be imposed; that after his lawyer stated to him that the court would not impose a longer sentence than 10 years he withdrew his plea of not guilty and entered a plea of guilty; that the court inquired of petitioner "Now, Mr. Shelton, you are doing that of your own free will and accord and not because your counsel has told you to do that:", to which he replied "No, sir"; and that the court thereupon imposed concurring sentences, the longest of which were each for 16 years.

The motion further alleged that if the court had suppressed the evidence that had been unlawfully seized the trial would have ended and the plea of guilty would not have been made.

Government counsel calls attention to the fact that petitioner has made several unsuccessful attempts to obtain relief from the aforesaid sentences, which were imposed by Judge Fred L. Wham of the district court.[2]

In this court, his counsel's brief treats petitioner's motion to vacate judgment and sentence as based upon 28 U.S.C.A. § 2255. The brief of counsel for the gov-

1. The district court stated that it considered this motion "as another petition". Accordingly we refer to Shelton as "petitioner" and appellee as "repondent".

2. The first petition was filed September 4, 1956, and denied September 20, 1956, by Judge Wham. This order was affirmed. United States v. Shelton, 7 Cir.,

ernment considers the motion as arising under § 2255 or as a petition for writ of habeas corpus.

The government relies upon the proposition of law that a plea of guilty admits all the material facts alleged in the indictment, citing Hoover v. United States, 10 Cir., 268 F.2d 787, and United States v. Hoyland, 7 Cir., 264 F.2d 346. Reliance is also placed upon the proposition that, after a conviction on a plea of guilty, validly accepted by the trial judge, the appellant cannot assert errors in the conduct of the trial, as the sentence is based on the plea, not on the evidence. Cited are United States v. Miller, 2 Cir., 254 F.2d 523; Armpriester v. United States, 4 Cir., 256 F.2d 294; United States v. Hoyland, supra; and United States v. Morin, 3 Cir., 265 F.2d 241.

■ While we are confronted in this case, as in many cases originating with prisoners in penal institutions, with an awkward presentation of claims, we believe a fair appraisement of petitioner's contentions reveals that the totality of the relevant circumstances leading to his plea of guilty is of such nature that he is entitled to have his motion disposed of on a finding of facts after a hearing in which the district court considers such relevant evidence, including petitioner's testimony in person, as the parties may offer.

In United States v. Hayman, 342 U.S. 205, 212, 72 S.Ct. 263, 268, 96 L.Ed. 232, the court said:

"Under the 1867 Act, United States District Courts have jurisdiction to determine whether a prisoner has been deprived of liberty in violation of constitutional rights, although the proceedings resulting in incarceration may be unassailable on the face of the record. Under that Act, a variety of allegations have been held to permit challenge of convictions on facts *dehors* the record."

■ The record before us fails to show that the district court considered any facts *dehors* the record which bore on the merits of petitioner's claim to relief. Waley v. Johnston, 316 U.S. 101, 104, 62 S.Ct. 964, 86 L.Ed. 1302. When such a hearing is held the court will be in a position to apply the principle announced in Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, that "a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences."

■ We are not in accord with the contention of government counsel that, in effect, a plea of guilty eradicates the effect of all prior invasions of defendant's constitutional rights. See Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 118, note 2, 76 S.Ct. 223, 100 L.Ed. 126.

For these reasons, the order from which petitioner has appealed is reversed and this cause is remanded to the district court for further proceedings not inconsistent with the views herein expressed.

In this court able and diligent services have been rendered on behalf of petitioner by William M. McGovern, Jr., who was appointed by this court to represent him. We express our appreciation for Mr. McGovern's efforts as court-appointed counsel.

Reversed and remanded with directions.

249 F.2d 871. The second petition was filed July 14, 1958, and denied July 23, 1958. The third petition was filed May 18, 1959, and denied June 12, 1959. These latter two petitions were denied by Judge William G. Juergens. The fourth petition was filed March 3, 1960, and denied March 31, 1960, by Judge Casper Platt. Thereafter petitioner filed a petition for writ of habeas corpus on September 12, 1960, which was denied September 13, 1960. A sixth petition for relief was filed October 17, 1960, and was denied November 16, 1960. These final two petitions were denied by Judge Casper Platt.