Ray Black **CARPENTER**, Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Appellee.

No. 24026.

United States Court of Appeals Fifth Circuit.

Feb. 2, 1967.

Ray Black Carpenter, in pro. per.

George R. Georgieff, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., Tallahassee, Fla., for appellee.

Before TUTTLE, Chief Judge, and BELL and GOLDBERG, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

This appeal is from the denial of a petition for writ of habeas corpus without a hearing and without answer from the respondent. It is conceded that state remedies had been exhausted and the denial was on the merits. The issue presented is whether the allegations of the petition were such as to require a hearing on the issue of whether appellant's plea of guilty to rape was coerced. We reverse.

■■ A plea of guilty, if voluntarily and understandingly made, is conclusive as to defendant's guilt, admitting all of the facts charged, and waiving all nonjurisdictional defects in the prior proceedings against the defendant. Stated differently, a conviction based upon a plea of guilty is invalid as inconsistent with due process of law if the plea was involuntary or coerced. Busby v. Holman, 5 Cir., 1966, 356 F.2d 75; Murphy v. Wainwright, 5 Cir., 1967, 372 F.2d 942, [this day decided]; and Broxson v. Wainwright, 5 Cir., 1967, 372 F.2d 944 [this day decided].

■ We think the allegations of the petition for the writ here make out a case requiring a plenary hearing within the teaching of Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Cf. Waley v. Johnston, 1942, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Jones v. State of Florida, Fla.App., 2 Dist., 1964, 165 So.2d 191; and Murphy v. Wainwright, supra.

The following is a summary of appellant's contentions. He was arrested without a warrant at his home on September 21, 1957 and taken to jail. He was interrogated by a named City of Miami detective and two other detectives who are unknown to him. He was accused of raping a particular woman who lived in the hotel where appellant resided. He denied the charge. He claims that he was brutally beaten by the detectives and threatened with a "fatal accident" in an effort to obtain a confession. The detectives stated that they wanted to find out if he forced himself on the alleged victim. He then demanded to see a lawyer. He was

told that he would see a lawyer in hell if he didn't start talking and thereupon was kicked and hit in the testicles. He vomited and was forced to mop the floor while the interrogation proceeded. Because of fear he then stated that he would sign anything put before him. Nine days later he was given a preliminary hearing and the statement was used against him. Apparently, according to the state's brief, he may have denied guilt at this time although appellant does not state that he disavowed the confession at this point.

On October 8, 1957 appellant was indicted by a grand jury and the statement was again used. Counsel was appointed for him and he was thereafter arraigned. The record does not disclose the date of arraignment or whether a plea of not guilty was entered at the time. The state does contend that he pleaded not guilty at some point. He was sentenced to life imprisonment on a plea of guilty on January 27, 1958. He states that he protested his innocence to his court appointed counsel and gave him the facts concerning the confession. Counsel replied, according to appellant, that he did not believe the detectives had coerced the confession and that appellant was in a dire circumstance because of the confession. He was advised to enter a plea of guilty in order to avoid the electric chair in view of the serious error he had made in confessing. He followed this advice, entered the plea, and now complains that the coerced confession infected the plea of guilty to the extent that the plea itself was coerced.

Appellant has had no hearing on this contention in any court although he has applied to the Florida state courts on three separate occasions for collateral relief. The Supreme Court noted in Waley v. Johnston, supra, that even where the allegations tax credulity, a hearing is nevertheless required if the allegations are such as to raise a factual issue concerning whether or not the plea was coerced. We think the allegations here were in sufficient detail and substance to raise such an issue.

Admittedly there is a fine line between refusing on the one hand to set aside a plea of guilty where there was a possible coerced confession which did not effect the voluntariness of the plea and, on the other, possibly setting aside the plea if the confession caused the plea and thus rendered it involuntary. The line must be drawn, however, on the facts and after a hearing. And there must be a hearing when the allegations of the petition make out a possible fatal infection of the plea from the confession. This is the rationale of Busby v. Holman, supra, as buttressed by the hearing requirements of Townsend v. Sain, supra. A hearing is thus indicated in this case.

Reversed and remanded for further proceedings not inconsistent herewith.