**Frank MURPHY, Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.**

No. 24065.

United States Court of Appeals
Fifth Circuit.

Feb. 2, 1967.

Frank Murphy, in pro. per.

Roger L. Edwards, Asst. Atty. Gen. of Florida, Tallahassee, Fla., Earl Faircloth, Atty. Gen., Stanley D. Kupiszewski, Jr., Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before TUTTLE, Chief Judge, and BELL and GOLDBERG, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Appellant's petition for writ of habeas corpus was denied on the merits by the District Court without a plenary hearing and without causing a show cause order to issue against the Respondent. Cf. 28 U.S.C.A. § 2243.

Appellant, represented by court appointed counsel, entered a plea of guilty in 1949 to a charge of second degree murder and was sentenced to life imprisonment. He alleges that he was only fourteen years of age at the time. He was charged with murdering a fellow inmate at the Florida State Industrial School for Boys where he was confined. His position now is that he engaged in a fist fight with the decedent and nothing more. The fight stopped when both were exhausted. Decedent was found shortly thereafter at the scene of the fight dead of knife wounds. Appellant contends that he received a note from a fellow inmate while in jail awaiting trial advising him that there were three witnesses who saw decedent leave the scene of the fight just after appellant. Apparently the decedent then returned to the scene to look for something. This defense of sorts was brought to the attention of his lawyer who stated that he would look into the matter. Nothing more was heard until the trial. The prosecuting attorney knew of the note and was checking the validity of the information contained in it. A jury was selected for the trial. During a recess the sheriff interrogated appellant in an effort to learn how he managed to receive the note in jail. The sheriff is said to have made certain threats regarding the horror of dying in the electric chair and advised appellant that it would be the part of wisdom to enter a plea to second degree murder in the event such an opportunity was offered him. Thereupon the prosecuting attorney came forward with such an offer; it was accepted and appellant was sentenced to life imprisonment. Appellant also alleges that he was an orphan, his parents being deceased, and that his older sister who acted as his guardian was not notified that he was being prosecuted for murder. The file shows that his uncle was notified.

We pointed in Busby v. Holman, 5 Cir., 1966, 356 F.2d 75, to the well settled proposition that a conviction based upon a plea of guilty is invalid as inconsistent with due process if the plea is involuntary or coerced, whether it be unfairly obtained or given through ignorance, fear or inadvertence. There we dealt with a plea of guilty entered in a state court proceeding. The same rule prevails with respect to federal prisoners. Waley v. Johnston, 1942, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302. In the latter case the court noted that petitioner's allegations with respect to his plea of guilty having been coerced taxed credulity but that they were such as to require a hearing. In fact, the government confessed error in that case for the reason that the habeas corpus petition raised the material issue of whether the plea was in fact coerced by the particular threats alleged and there had been no factual hearing on the issue.

In Busby v. Holman, supra, we affirmed the finding of the District Court that the plea of guilty there had not been coerced but we had the benefit of the record made in the District Court on a full hearing. Cf. Jones v. State of Florida, Fla.App., 2 Dist., 1964, 165 So.2d 191, where the court held that a factual issue existed with respect to the contention that a plea of guilty had been coerced and reversed for a hearing. Also cf. Broxson v. Wainwright, 5 Cir., 372 F.2d 944 [this day rendered] where the allegations did not demonstrate a factual issue and thus no hearing was required.

 We hold that the factual allegations centering on the claim of a coerced plea of guilty in this case, taken in sum, warranted a plenary hearing.

Reversed and remanded for further proceedings not inconsistent herewith.