John Frank SMITH, Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.

No. 24110.

United States Court of Appeals
Fifth Circuit.

Feb. 21, 1967.

Frank Smith, pro se.

George R. Georgieff, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., Tallahassee, Fla., for appellee.

Before TUTTLE, Chief Judge, and BELL and GOLDBERG, Circuit Judges.

GOLDBERG, Circuit Judge:

The appellant, John Frank Smith, pleaded guilty to first degree murder in the Circuit Court of Jackson County, Florida, and was sentenced to life imprisonment on December 17, 1956. He did not appeal directly, but filed a motion under Florida Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, which was denied by the Circuit Court. The record contains a letter to Smith from the Florida Supreme Court noting denial of a petition for habeas corpus, and stating, "The controlling statutes and rules do not require the docketing of successive petitions upon issues previously determined in this or another court." This letter indicates that the denial of Smith's Rule 1 motion had been affirmed by the Florida Supreme Court.

■ Smith has exhausted his state remedies as required by 28 U.S.C.A. § 2254.

The district court denied the petition for a writ of habeas corpus without a hearing and without an answer from the respondent.

The issue on this appeal is whether, on the allegations of the petition, the appellant deserved a hearing on the question of whether his plea of guilty was coerced or otherwise "unfairly obtained or given through ignorance, fear, or inadvertence." Kercheval v. United States, 1927, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012.

The appellant alleges that he was held incommunicado after his arrest, and that his request to see an attorney was met by beatings in the ribs with a loaded pistol. He states that the police coerced his confession by holding a pistol in his stomach and threatening to pull the trigger unless he confessed. He alleges further that he was permitted to confer with his court-appointed attorney for only 15 minutes; that this sole conference took place the evening before trial and consisted only of advice from his attorney to plead guilty because he would then get only a life sentence; that he was told that if he pleaded not guilty, the confession would place him in danger of the electric chair.

Having alleged these facts, the appellant proceeds to allege that his plea of guilty was tainted.

■ It is of course true that judgment "on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence, if the defendant had pleaded not guilty and had gone to trial. * * * *" Busby v. Holman, 5 Cir. 1966, 356 F.2d 75, 77. But

"there is a fine line between refusing on the one hand to set aside a plea of guilty where there was a possible coerced confession which did not effect the voluntariness of the plea and, on the other, possibly setting aside the plea if the confession caused the plea and thus rendered it involuntary. The line must be drawn, however, on the facts and after a hearing. And there must be a hearing when the allegations of the petition make out a possible fatal infection of the plea from the confession." Carpenter v. Wainwright, 5 Cir. 1967, 372 F.2d 940 [decided Feb. 2, 1967]; Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L. E.2d 770.

■ Where the guilty plea has been made after one fifteen-minute conference during which an entire capital case, in-

cluding an allegedly coerced confession, had to be considered, a hearing is clearly called for to ascertain whether the guilty plea was freely made, without infection from the confession and with "effective assistance of counsel." Roberts v. Dutton, 5 Cir. 1966, 368 F.2d 465; Carpenter v. Wainwright, supra, Busby v. Holman, supra.

Reversed and remanded for further consistent proceedings.