UNITED STATES of America ex rel.
John L. COLLINS, E–1873,
Appellant,

v.

James F. MARONEY, Supt.

No. 16118.

United States Court of Appeals
Third Circuit.

Submitted Dec. 22, 1966.

Decided March 23, 1967.

John L. Collins, pro se.

Michael J. Rotko, Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa. (Joseph M. Smith, Asst. Dist. Atty., Chief, Prosecution Div., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, HASTIE and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The relator, Collins, pleaded guilty to a general charge of murder and was sentenced in 1950 by a Three-Judge Court to life imprisonment in Philadelphia County. 18 P.S. § 4701; Rules of Court of Oyer and Terminer of the County of Philadelphia, Rule 43. He has exhausted his state remedies. He filed two petitions for habeas corpus to the Court of Common Pleas of Philadelphia County, one petition to the March Term, the other to the June Term, 1965. Both petitions were dismissed without hearing. Collins appealed the last dismissal to the Supreme Court of Pennsylvania and the order of the Court of Common Pleas was affirmed. Com. ex rel. Collins v. Maroney, 420 Pa. 631, 217 A.2d 739 (1966). He then filed a petition for habeas corpus to the court below, which dismissed it, and the appeal at bar followed.

Collins and two companions had taken part in a hold-up of a taproom in Phila-

delphia in the course of which one of Collins' companions hit a patron, Hill, on the side of the head with a revolver. Hill died a few hours later. The cause of his death was not entirely clear, but there was sufficient evidence to justify a finding that the blows on the head aggravated Hill's previously existing physically debilitated condition resulting in his death. Commonwealth v. Dorazio, 365 Pa. 291, 74 A.2d 125 (1950) and the authorities cited therein. Collins confessed to his participation in the crime.

In his petitions to the Court of Common Pleas Collins asserted that his confession was coerced. In the court below his petition alleges not only that his confession was coerced but also that the "confession [was] induced during a period that [sic] petitioner was mentally incompetent. * * *" It appears from the record that Collins was a narcotics addict and he seems, implicitly, to take the position that the police kept him without drugs until his will was broken and he confessed.

Though in his long and confused petitions to the Court of Common Pleas Collins did not assert that he was mentally incompetent when he confessed, this element is inextricably mixed with the issue of the alleged coerced confession. Since Collins pleaded guilty generally to murder, it is the voluntariness of that plea which ultimately comes into issue.

The issue has four facets. First, it must be decided whether by the plea of guilty, Collins waived his right to question the constitutional infirmity of his confession. This question is controlled by federal law. Second, if it is found that Collins did not waive his right to challenge his confession it will be necesary to determine whether the confession was coerced. Third, if the confession is found to have been coerced it will have to be determined whether the coerced confession induced and thus tainted Collins' guilty plea. Fourth, assuming that a coerced confession did not induce the plea of guilty, it must be decided whether the plea of guilty was voluntary. If the plea is found to have been

voluntary, the conviction may stand. See and compare, Commonwealth ex rel. Blackshear v. Myers, 419 Pa. 151, 213 A.2d 378 (1965); Commonwealth ex rel. Dandy v. Banmiller, 397 Pa. 312, 155 A.2d 197 (1959), cert. denied 361 U.S. 972, 80 S.Ct. 606, 4 L.Ed.2d 552 (1960). See Jackson v. Denno, 378 U.S. 368, 376–377, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

No answers to these questions can be found in the present record. It must be enlarged and Collins must be accorded a hearing as indicated. Cf. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The judgment will be vacated and the case will be remanded with the direction to proceed in accordance with this opinion.