Jerry Wayne CONNER, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 25116.

United States Court of Appeals
Fifth Circuit.

April 9, 1968.

Lynn C. Woods, Jr., Houston, Tex., for appellant.

Robert E. Owen, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty.

Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from denial after evidentiary hearing of habeas corpus to a state prisoner. We affirm.

On January 12, 1965, in the criminal district court of Harris County, Texas, appellant entered pleas of guilty to two charges of robbery by assault and was sentenced to concurrent terms of not less than five nor more than ten years. A recidivist count was dismissed. From these pleas and sentence no direct appeal was taken.

After exhaustion of state remedies, the appellant filed his petition in the United States District Court for a writ of habeas corpus on March 24, 1966. The evidentiary hearing was held on April 4 and 5, 1967. Final judgment dismissing the petition was entered on May 11, 1967.

The appellant contends that his convictions on pleas of guilty are void because they were induced by an involuntary confession and were thus, themselves, infected with involuntariness.

At the hearing before the District Judge the appellant, as here, was vigorously represented in a most competent manner by court appointed counsel. Testimony was heard from no less than fourteen witnesses, including the petitioner, his wife, his state court counsel, two Texas parole officers, and several Houston police officers. The factual issues, going to the voluntary character of a confession given by the appellant on the day of his arrest, were most sanguinely contested.

In its memorandum and order deciding the case, the District Judge correctly and succinctly stated the issues as follows:

"In order to determine the sufficiency of the plea of guilty in this case, the Court must inquire whether: (a) It was elicited by the use of coerced confession; (b) there were circumstances surrounding the plea of guilty that rendered it involuntary; (c) counsel failed to advise petitioner properly".

Reciting its reasons, the Court then held that "[A]fter carefully considering the entire record in this case, the Court is persuaded that petitioner's plea of guilty was knowingly and voluntarily made with the effective assistance of counsel. Petitioner is therefore not entitled to the writ of habeas corpus".

The case is remarkably like Busby v. Holman, 5 Cir., 1966, 356 F.2d 75. The record shows that the trial judge was well aware of that case as well as Bell v. State of Alabama, 5 Cir., 1966, 367 F.2d 243; Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882 (1966); Carpenter v. Wainwright, 5 Cir., 1967, 372 F.2d 940; Odom v. United States, 5 Cir., 1967, 377 F.2d 853, indicating a thorough knowledge of and willingness to apply controlling legal principles.

A careful examination and analysis of the 500 page trial record establish the inescapable conclusion that the only real issues in the court below were *issues of fact* bearing upon (1) the voluntariness of the confession given by the appellant at the police station, and (2) whether that confession, even if involuntary, "induced the guilty plea by overcoming the appellant's ability to make a voluntary decision", Busby v. Holman, supra. After what clearly appears to be a careful consideration of all the evidence, the trier of the facts resolved conflicting inferences and credibilities against the appellant. In our opinion there was adequate evidence to support the Judge in these findings and he should be upheld, King v. Heard, 5 Cir., 1962, 310 F.2d 127, cert. denied, 375 U.S. 854, 84 S.Ct. 114, 11 L.Ed.2d 81; DiPrima v. Beto, 5 Cir., 1967, 373 F.2d 797. This is simply another in the oft encountered type of case in which the Court would have been required to grant relief had he believed the petitioner's witnesses but the difficulty was that he did not accept their version of events.

There is one element in this case which was not present in *Busby*. In compliance with Texas procedure, requiring the State to offer evidence of guilt even on pleas of guilty, the confession was introduced in evidence. Therefore, we have examined the entire record and made an independent determination of the ultimate issue of voluntariness as taught by Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). Since it does not appear that the confession induced the pleas, this may not have been necessary. In any event, applying *Davis*, and its cited predecessors, we cannot say that had we sat originally as the triers of the facts we would have found the confession to have been "the product of a will overborne", 384 U.S. at 742, 86 S.Ct. at 1765.

Therefore, the Judgment of the District Court will be

Affirmed.