**A. W. HOLLOWAY, Appellant,**

v.

**A. L. DUTTON, Warden, Georgia State Prison, Appellee.**

No. 25538.

United States Court of Appeals Fifth Circuit.

June 10, 1968.

* Of the First Circuit, sitting by designation.

James P. Googe, Jr., Savannah, Ga., for appellant.

Joel C. Williams, Jr., Dep. Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Marion O. Gordon, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before TUTTLE and SIMPSON, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM:

The district court denied the appellant's petition for writ of habeas corpus without a hearing. The grounds of denial are unclear. We reverse for a hearing.

Holloway is serving a sentence of 20 years minimum to 20 years maximum time for armed robbery, said to be of a $1.50 flashlight. He alleges coercion of a plea of guilty and ineffective assistance of counsel, contending that his court-appointed counsel whom he never saw until a few minutes before sentencing, entered, and the trial court accepted, a plea of guilty, over his protest that he desired to plead not guilty and go to trial. He alleges exhaustion of state remedies by habeas application to the City Court of Reidsville, Georgia, denial without a hearing in June or July, 1963, and denial of appeal by the Supreme Court of Georgia because of his inability to pay a $30.00 filing fee.

 It appears that the trial court, without examining into the question of exhaustion of state remedies, dismissed the petition for failure to attach a transcript of the prior proceedings in Reidsville City Court to the petition, or to file them with the Clerk of the District Court upon the Clerk's suggestion to appellant's counsel that they be filed. The court had not ordered the transcript filed. The petitioner's allegations as to the prior proceedings appear sufficient on their face. If they are proved, he is entitled to a hearing. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

 If Holloway's allegations as to what occurred at his arraignment and sentence are found to be true he is entitled to have the writ granted and his conviction set aside. Roberts v. Dutton, 5 Cir. 1966, 368 F.2d 465; Carpenter v. Wainwright, 5 Cir. 1967, 372 F.2d 940. The district court is directed further to appoint counsel from the Middle District of Georgia to represent petitioner [1] in the further proceedings below.

Reversed and remanded.

---

1. Holloway's present counsel practices at Savannah, in the Southern District of Georgia, where the petition was originally filed. It was transferred to the Middle District under Title 28, U.S.C., Sec. 2241(d) as amended by P.L. 89–590, 80 Stat. 11.