**Donald D. BARNES, Appellant,**

v.

**STATE OF FLORIDA, Appellee.**

No. 25914.

United States Court of Appeals
Fifth Circuit.

Oct. 15, 1968.

**64**

Donald D. Barnes, pro se.

Earl Faircloth, Atty. Gen., Raymond L. Markey, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

The District Court denied the appellant's petition for writ of habeas corpus without a hearing on grounds that the record and the trial transcript show his allegations are without merit. We reverse for a hearing.

Appellant is serving two consecutive ten-year sentences in a Florida penitentiary for escape and for possession of a weapon. He alleges coercion of a plea of guilty and ineffective assistance of counsel, contending that court-appointed counsel, whom he saw only for a few minutes four days before trial and a few minutes prior to trial, coerced him into pleading guilty, assuring him that a deal had been made for shorter sentences. As proof of the deal petitioner offers a certified copy of a portion of a letter written by the attorney.

■ The appellant's allegations are sufficient on their face to raise a serious issue, the determination of which requires a hearing. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Carpenter v. Wainwright, 5 Cir. 1967, 372 F.2d 940; Bell v. State of Alabama, 5 Cir. 1966, 367 F.2d 243.

■ If appellant's allegations as to what occurred at his arraignment and sentence are found to be true, he is entitled to have the writ granted and his conviction set aside. Holloway v. Dutton, 5 Cir., 1968, 396 F.2d 127; Roberts v. Dutton, 5 Cir. 1966, 368 F.2d 465; Carpenter v. Wainwright, supra.

Reversed and remanded.