**Jack Marvin MITCHELL, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54090.

Supreme Court of Missouri,
Division No. 1.

Nov. 10, 1969.

Motion for Rehearing or to Transfer to Court
En Banc Denied Dec. 8, 1969.

William Clark Kelly, Wayne C. Smith, Jr., Springfield, for appellant.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Judge.

On May 7, 1965, movant entered a plea of guilty to a charge of first degree robbery and was sentenced to imprisonment for 15 years. He filed a motion under S.Ct. Rule 27.26, V.A.M.R. on June 12, 1968, to vacate that judgment. After the court had held an evidentiary hearing and made extensive findings it overruled the motion. The movant has appealed from that order and judgment. He has been represented by appointed counsel at every stage of the various proceedings mentioned.

On March 8, 1965, someone broke into the home of Mrs. Mary Smith located in Springfield, Missouri, and took certain items of personal property. When Mrs. Smith came home this person grabbed her, tied an apron over her face, and then robbed her of some money and apparently raped her. When the police were called Mrs. Smith stated she could not identify her assailant but she apparently gave movant's name to the police as a suspect. Shortly thereafter two detectives went to the residence where movant lived and told him to get his coat, that they were taking him to the police station for investigation. When movant went to the bedroom to get his coat the officers followed him and searched the same and in so doing found some items of jewelry in the sleeve of a coat hanging in the closet. These were later identified as items taken that day from Mrs. Smith's home. The police had no warrant for arrest and no search warrant. Movant was taken to the police station. En route to the station he made a confession which he now says was the result of physical mistreatment and threats. The next morning two other police officers questioned movant and took a question-and-answer statement which movant signed after he had been given an opportunity to read it, and after it was read to him.

Movant was 19 years old at the time and had attended 9½ years of school. After a charge was filed in the magistrate court Attorney Theodore Salveter was appointed to represent movant. Movant testified that he told Mr. Salveter about the rough treatment he received from police but that the attorney recommended that he plead guilty because of the confession. Movant did plead guilty and testified that he remembered the various things the judge asked him at that time and stated that he entered the plea of guilty because Mr. Salveter recommended that he do so; that no one made any promises to him in order to get him to plead guilty.

Mr. Salveter testified that he talked with movant six or seven times; that he checked with the prosecuting attorney who permitted him to read the statement in which movant admitted the robbery; that movant made no complaint to him about any threats or physical abuses connected with either the verbal or the written statement; that he was of the opinion that the statement would be admissible; that its contents were the same as the facts which movant related to him; that before entering the plea he filed a motion to obtain a mental examination of movant, which the judge sustained, but the doctor's report indicated that movant was not insane and would not have been insane at the time of the occurrence; that movant never indicated that he would like to plead not guilty or have a trial but decided that a plea of guilty would be the best course to follow.

Various officers testified that there was no force used or promises made to obtain the confession from movant. The officers stated that they advised defendant of his constitutional rights, and the written statement recites that prior to questioning he had been informed that he had a right to call an attorney, a right not to make a statement, and that anything said could be used against him. The officers stated, however, that they did not advise him that if he could not employ an attorney one would be provided.

At the time the plea of guilty was entered the court questioned the defendant and defendant stated that his attorney had advised him as to the possible punishment; that he understood that he had the right to trial by jury if he wanted one; that after consulting with his attorney he wanted to plead guilty; that no one had made any promises to him or threatened him in any way in order to get him to plead guilty; that he was doing so of his own free will and accord. At that time the court read to the defendant the charge in question and defendant then personally entered a plea of guilty.

At this point it should be stated that in the motion filed, and at the hearing of that motion, it was the contention of movant that the evidence obtained in the search of his bedroom would have been suppressed on proper motion and would not have been admitted in the event of a trial, and that the confession was not voluntary and would have been excluded upon proper objection. He does not actually contend or testify that his plea of guilty was not voluntary in the usual sense of that word. His true contention is that if he had been advised and had known that the physical evidence could have been suppressed and that the confession was not admissible he, to use the words of his testimony, "believed he would have pleaded not guilty."

At the conclusion of the hearing on the 27.26 motion the trial court made detailed findings. The court found that the items of personal property were seized after movant was in the custody of the two officers in the sense that they had made it known to him that he was not physically free to leave, and that the verbal statement given the evening of March 8, and the written statement taken the next morning, were voluntary and were taken after movant was advised of the rights to which he was entitled to be advised under the law at that time; that there were no threats, promises, or physical violence involved in obtaining those statements; that movant at no time told his attorney that he was not

guilty, and that his attorney concluded there was no chance to win the case because of the confession and because of 'the facts related to him by movant; that movant had been legally arrested, that the search and seizure were valid, and that the plea of guilty was voluntarily entered with a full understanding of the nature of the charge. The court further concluded that as a matter of law, based on the evidence, there was no infringement of any constitutional rights such as to render the judgment and sentence subject to collateral attack, and that movant had not sustained his burden of establishing a ground for relief under S.Ct. Rule 27.26 by the preponderance of the evidence.

At the outset of our consideration of this appeal it should be mentioned that the burden of proving the grounds for relief is upon the movant and that upon appeal our review is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j).

The main point raised on this appeal is that "appellant's plea was not voluntary and the court erred * * * in accepting the plea, and * * * in not setting said plea aside and ordering a new trial." In connection with our consideration of that contention we observe that the proper procedure to be followed by the trial court in accepting a plea of guilty, and also upon the hearing of a subsequent motion to vacate, is outlined in detail in the case of Drew v. State, Mo., 436 S.W. 2d 727.

When the word "voluntary" is considered in accordance with its usual meaning there can scarcely be any doubt but that movant's plea of guilty was voluntarily entered. The trial court complied with Rule 25.04 and movant, at the time of entering his plea, stated that he had received no threats or promises and that the plea was made "of his own free will." There was nothing to the contrary in his testimony on the hearing of the 27.26 motion. As heretofore stated, his real contention is

that the search of his room was illegal and that the items taken would have been suppressed on proper motion; that his confession was not voluntary and would have been excluded upon proper objection in the event of a trial; that he would not have entered a plea of guilty had he known that the items of evidence could be suppressed and that the confession was inadmissible; hence his plea of guilty was "legally" involuntary.

■ We do not agree with movant's contention. While no decision of this court has been cited which involves this precise contention we approve of the holdings in the federal cases which have held contrary to movant's assertions. In United States v. Sturm (7th Cir. 1950), 180 F.2d 413, 416, it is said: "That a voluntary plea of guilty constitutes an admission of guilt and a waiver of all nonjurisdictional defects is conceded by defendant, but he argues that his plea was not made voluntarily but under a misapprehension of his rights, his allegation being that he entered his plea only because he was unaware that the illegally seized evidence and the allegedly coerced confession could not be used against him if he pleaded not guilty and stood trial. The conclusive answer to this is that defendant * * * was represented by counsel of his own choice, presumably competent counsel, chargeable with knowledge of the rules of law of which the defendant now professes to have been ignorant. This circumstance, we think, compels us to reject the defendant's contention that his plea was not made voluntarily and with knowledge of his legal rights." The case of Edwards v. United States (1958), 103 U.S. App.D.C. 152, 256 F.2d 707, 710, involved a situation similar to that in the case at bar. The court there said: "It may be argued that a plea of guilty is not understandingly made when defendant is unaware of certain technical defenses which might very well make the prosecutor's job more difficult or even impossible were he put to his proof. However, we think 'understandingly' refers merely to the *meaning* of the charge, and

what acts amount to being *guilty* of the charge, and the *consequences* of pleading guilty thereto, rather than to dilatory or evidentiary defenses. A refusal years after sentencing to give effect to the latter could scarcely be deemed 'manifest injustice' within the meaning of Rule 32(d). Appellant does not try to say he did not do the act charged. He pleads only that, unknown to him, he *might* have been able to suppress the truth as to certain evidence of his crime, and thus, perhaps defeat justice. He cannot be heard to this end after a voluntary, knowing plea of guilty." For other and more recent decisions to the same effect, see Busby v. Holman (5th Cir. 1966), 356 F.2d 75, and Brown v. Beto (5th Cir. 1967), 377 F.2d 950.

In the foregoing we have assumed for the purposes of this opinion that the evidence mentioned by movant would have been excluded in the event of a trial. As a matter of fact we fully agree with the trial court's finding that the confession was voluntary and we think it would have been admissible on trial. The admissibility of the items taken in the search presents a more difficult problem and we see no need of extending this opinion by deciding that question.

In support of his contention that the plea of guilty was not voluntary movant has cited State v. Blaylock, Mo., 394 S.W. 2d 364, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. Those cases all relate to the procedures to be followed in court when a plea of guilty is accepted and have no application to the true issue in the case before us.

What we have heretofore said will indicate our view that the findings, conclusions, and judgment of the trial court are not clearly erroneous and that said court properly overruled the motion to vacate.

The judgment is affirmed.

SEILER, P. J., concurs in result in separate concurring opinion filed.

STORCKMAN, J., absent.

SEILER, Presiding Judge (concurring in result).

No matter if a defendant is guilty, it is basic to our system of justice that the procedure leading to conviction must meet the requirements of due process, and as has been said, " * * * the police must obey the law while enforcing the law * * * ", Spano v. New York, 360 U.S. 315, 320, 79 S.Ct. 1202, 1205, 3 L.Ed.2d 1265. I doubt if that was done here. As I read the record, the police had no probable cause for arrest of the defendant and had no legal basis for the search of his closet and coat, Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. The complaining witness told the police she could not identify her assailant, that she was not able to see him, but she was almost certain it was a colored man. The police testified they were looking for defendant because the complaining witness was acquainted with him, he had cut her grass a time or two. At the most these facts showed the defendant, who was colored, was of the same race as the person who assaulted the woman and was acquainted with her. The facts known to the officers did not in any way indicate defendant's guilt. This is a case where an illegal search and seizure led to the arrest, not a case where a lawful arrest was followed by a lawful search and seizure. The evidence seized could have been suppressed if defendant's counsel had investigated and made a timely motion.

Was it the plea, or the deprivation of constitutional rights which brought about the conviction? Did the admissions defendant made to the officers, culminating in the signed statement, stem from the illegally seized evidence, or was it because defendant voluntarily wanted to make a clean breast of things?

I am unable to agree that defendant, because he pleaded guilty on advice of counsel, or knew the meaning of the charge, what acts amount to being guilty, and the consequences of pleading guilty, is foreclosed from going into these questions. Rather as set forth in United States ex rel. Ross v. McMann (2 Cir. 1969) 409 F. 2d 1016, I think the rule should be that where there has been a violation of the defendant's constitutional rights before the plea is taken, the violation is not necessarily irrelevant to the issue of the voluntariness of the plea, but becomes a factor to be taken into account in determining its voluntariness. This seems to be the rule in six of the federal judicial circuits.[1]

However, in the present case, the trial court has found against defendant after an evidentiary hearing, on all the grounds on which defendant offered evidence. At the hearing, defendant attributed his oral admissions and signed statement to slappings from the arresting officers and warnings he had better start talking, threats that if he did not he would be turned over to two other officers, and his fear that they were going to beat him "pretty bad". He testified he told his appointed counsel about the violence and threats. There was evidence to the contrary on all these points by the police and by the lawyer. The trial court resolved these fact issues against the defendant and it cannot be said these findings were clearly erroneous. There was no evidence offered that the reason defendant made the admissions to the officers was because of the coercive effect of the evidence they uncovered in the illegal search and seizure, although this was one of the grounds alleged in the motion. Having failed to present any such evidence (which I believe would have been material and relevant under the rule as I think it should be), I see no basis on which the court could otherwise have granted relief, and I therefore concur in the result reached in the main opinion.

1. United States ex rel. Ross v. McMann, supra; United States ex rel. Collins v. Maroney (3 Cir. 1967) 382 F.2d 547; Smith v. Wainright (5 Cir. 1967) 373 F.2d 506; Reed v. Henderson (6 Cir. 1967) 385 F.2d 995; Shelton v. United States (7 Cir. 1961) 292 F.2d 346, cert. den. 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed. 2d 280; Doran v. Wilson (9 Cir. 1966) 369 F.2d 505. This also seems to be the purport of Com. of Pa. ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126.