UNITED STATES of America ex rel.
Tyrone FARMER

v.

Alfred T. RUNDLE, Superintendent.

Misc. No. 69–206.

United States District Court,
E. D. Pennsylvania.

April 16, 1970.

Tyrone Farmer pro. se.

Henry J. Rutherford, Asst. Dist. Atty., Lancaster County, for respondent.

## MEMORANDUM AND ORDER

BODY, District Judge.

Relator was indicted on charges of burglary,[1] possession of burglary tools,[2] and larceny of motor vehicles[3] in the Court of Quarter Sessions of Lancaster County, Pennsylvania. On February 26, 1965 he pled guilty to the above charges and was sentenced to a term of from one to two years imprisonment for the burglary offense. On that same date he received a similar consecutive sentence with respect to the larceny offenses and was placed on probation for a period of two years for the possession of burglary tools. No direct appeal was taken.

On February 23, 1967 relator filed a petition under the Pennsylvania Post-Conviction Hearing Act, 19 Pa.Stat.Ann. § 1180–1 et seq., alleging essentially that he had been denied the effective assistance of counsel at trial and that his guilty plea had not been voluntarily entered. Ronald L. Buckwalter, Esquire, was subsequently appointed to represent relator, and on April 4, 1967, the petition was dismissed without a hearing. No appeal from this denial was prosecuted.

1. Bill of Indictment No. 3, March Term, 1965.

2. *Id.*

3. Bill of Indictment No. 4, March Term, 1965.

A second post-conviction petition was filed by relator on February 15, 1968. He alleged therein the same grounds advanced in his previous petition, and the additional contention that he had been denied the effective assistance of counsel in the prosecution of his first post-conviction petition. On March 5, 1968 this second petition was dismissed without a hearing or the appointment of counsel on the ground that it was "almost identical with a prior petition which was dismissed, and from which no appeal was taken." [4] Relator appealed the dismissal of his second petition to the Superior Court of Pennsylvania, urging that he had been denied his right to a hearing and the appointment of counsel below. In an order dated August 8, 1968, the Superior Court affirmed the action of the Lancaster County Court. A petition for allowance of appeal was then filed with the Supreme Court of Pennsylvania and was subsequently denied.

Relator filed the present petition with this Court on May 6, 1969. He seeks a writ of habeas corpus on the grounds that (1) the state courts erred in dismissing his second post-conviction petition without a hearing or the appointment of counsel; (2) he was denied the effective assistance of counsel at trial and during the prosecution of his first post-conviction petition; and (3) his guilty plea was unlawfully induced.

■ While theoretically there may be a question as to whether relator's state remedies have been exhausted, we think he has attempted in good faith to do so. Moreover, it is clear that the exhaustion requirement is predicated upon considerations of comity and is not jurisdictional in nature. Since we believe the petition must be denied on the merits, we will assume jurisdiction and proceed to a consideration of relator's contentions.

United States ex rel. Drew v. Myers, 327 F.2d 174 (3d Cir. 1964), cert. denied 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52.

A guilty plea, voluntarily and intelligently entered, constitutes a waiver of all nonjurisdictional defects. United States v. Ptomey, 366 F.2d 759 (3d Cir. 1966). A determination that relator's guilty plea was so entered in this case would therefore make it unnecessary for us to consider the other issues here raised. For that reason we turn first to the voluntariness issue.

■ A review of the state court record discloses that no record inquiry was conducted prior to the acceptance of relator's guilty plea by the trial judge. In such a situation the burden of proving that the plea was voluntarily and intelligently entered is upon the Commonwealth. United States ex rel. Fear v. Com. of Pa., 423 F.2d 55 (3d Cir. 1970); United States ex rel. Fink v. Rundle, 414 F.2d 542 (3d Cir. 1969).[5] Because of the absence of such an inquiry, we held an evidentiary hearing to determine the facts surrounding the entry of the guilty plea. Based upon the testimony given at that hearing and the papers comprising the official file of this case, we find the following facts.

The relator was arrested on the aforementioned charges on February 14, 1965. He was questioned at the Lancaster Police Station and he denied any involvement in the events giving rise to the charges subsequently filed. When confronted by his previous criminal record, he complied with the suggestion of the police that he submit to a polygraph test. Relator subsequently admitted his guilt orally to the police. However, he was never asked to sign any written statement, nor was any ever prepared.

Thereafter relator was admitted to the Lancaster County Prison to await

---

4. Order entered March 5, 1968.

5. This trial took place prior to the date on which the decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) was rendered. Thus, the absence of a record inquiry does not per se constitute reversible error. United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3d Cir. 1969).

trial. He waived a preliminary hearing and was placed on the list for Public Defender representation. On February 24, 1965 Charles A. Achey, Jr., Esquire, was assigned to represent relator. He entered his appearance that same day and the next day went to the prison to interview Farmer. During their fifteen minute conversation, counsel asked relator about his background, his marital status, and the facts relating to the charges against him. In particular, Mr. Achey asked relator if he had been apprehended in the store alleged, with burglar's tools in his possession. Relator stated that he had been. Relator was also asked whether he had stolen the motor vehicles as charged, and he admitted that he had. Relator's right to a jury trial was explained to him, but he indicated he wished to plead guilty and serve his sentence in the Lancaster County Prison.[6] The nature of the offenses was again explained to Farmer together with the maximum sentences that could be imposed. Relator's previous criminal record was also discussed and counsel indicated that any leniency shown by the court would probably result from Farmer's entry of a guilty plea, if he chose to do so. On the basis of the foregoing discussion, Mr. Achey advised relator to plead guilty and the latter reiterated his desire to do so.

Mr. Achey also represented relator at the time of his arraignment on February 26, 1965. Although he represented some of the additional defendants appearing in court that day, Mr. Achey nevertheless took time to sit down with relator and explain the legal consequences of a guilty plea. Farmer was advised that by entering such a plea he would waive his right to a trial by jury. Relator appeared to counsel to know and understand the legal consequences of entering a guilty plea, and he once again remarked that he wished to serve his sentence in the Lancaster County Prison.

Farmer thereafter entered his guilty plea. An unsworn version of the facts was then given by the arresting officers, followed by the presentation of mitigating circumstances by relator's counsel. The latter included relator's desire to serve any sentence that might be imposed in the Lancaster County Prison. The trial judge subsequently inquired whether relator was aware of the seriousness of the charges against him. Farmer answered that he was and sentence was then imposed.

■■ We need not consider whether relator has waived his right to challenge his oral statement made to the police, or whether that statement was unlawfully coerced.[7] This is so because the Court finds that relator's guilty plea was not induced by statements made to the police. On the contrary, we are convinced that relator understood the alternatives available to him and the legal consequences of each course of action. Considering the totality of circumstances, it seems clear that relator's guilty plea was motivated by a desire for leniency on the part of the court and an intelligent evaluation of strategical considerations.

The Commonwealth's testimony has further convinced us that relator received effective assistance of counsel insofar as that relates to the voluntariness of his guilty plea. While the total amount of time spent by counsel prior to his arraignment was small, this does not ipso facto make the representation ineffective or invalidate the guilty plea. United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3d Cir. 1968); United States ex rel. Spears v. Rundle, 268 F. Supp. 691 (E.D.Pa.1967), aff'd 405 F.2d 1037 (3d Cir. 1969). Rather, it appears that counsel discharged his professional responsibilities in an entirely satisfactory manner. He explained in detail the factors bearing upon relator's decision and then gave his considered judgment concerning what relator should do. The

---

6. Relator lives in Coatesville, Pennsylvania.

7. *See* United States ex rel. Collins v. Maroney, 382 F.2d 547, 548 (3d Cir. 1967).

latter no doubt saw the wisdom of counsel's advice and decided to follow it.

For the foregoing reasons we find that relator's guilty plea was voluntarily and intelligently entered. The plea is therefore valid and relator's petition will be denied.