Herbert Lee PATE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16956.

United States Court of Appeals
Eighth Circuit.

Jan. 9, 1962.

Rehearing Denied Feb. 5, 1962.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

The trial court denied, without a hearing, appellant's motion under 28 U.S.C.A.

§ 2255, to have his sentence vacated. It permitted him to file notice of appeal without payment of fee, but refused to permit him to proceed further on his appeal in forma pauperis on the ground that the appeal was without merit and so not taken in good faith. Appellant challenges here the court's certificate that his appeal is not taken in good faith, and asks leave from us to proceed on appeal in forma pauperis.

The contention urged in appellant's Section 2255 motion was that there had been such delay in his proceedings of conviction and sentence as to have violated his right to a speedy trial under the Sixth Amendment.

The court files and records show that appellant was convicted on his plea of guilty to the fourth count in an information charging that he had unlawfully acquired a quantity of marijuana without payment of the transfer tax imposed by 26 U.S.C.A. § 4741(a). Three other charges in the information of other narcotics violations were thereupon dismissed by the Government.

From the list of docket entries which appellant has set out in his material, it appears that he was initially brought before the court for arraignment on June 12, 1959, represented by employed counsel. On request of his counsel, the arraignment was continued to June 26, 1959, when plea of not guilty to each of four counts was entered by appellant and the case was passed for trial setting. On July 6, 1959, his attorney filed a motion to suppress evidence which was passed by the court until the time of the next motion calendar. Hearing upon the motion was had on October 2, 1959, and an order overruling the motion was entered on November 16, 1959. The case was set for trial on December 1, 1959. By that time, appellant had engaged new counsel, and the case was reset for trial on January 4, 1960. On motion of appellant's counsel, the case was thereafter passed to January 25, 1960. On that date, with his attorney appearing with him, appellant entered his plea of guilty, as indicated above. Appellant had throughout the whole of this period apparently remained in jail.

He alleges that he had at all times made request for a speedy trial. On the period of time involved, however, and in relation to the actions of his counsel, there is no basis to claim that there was any denial of his right to a speedy trial, as guaranteed by the Sixth Amendment. But beyond this, if there could have been any possible basis for such a contention in the situation, it was waived as a matter of law when appellant chose to enter his plea of guilty without making assertion of it. It could not, in the circumstances, afford a basis for a collateral attack upon his judgment of conviction and sentence. Cf. United States ex rel. Hanson v. Ragen, 7 Cir., 166 F.2d 608; United States v. Monarch Radio and Television Corp., D.C.N.Y., 162 F.Supp. 910; United States v. Kabot, D.C.N.Y., 185 F.Supp. 159.

The appeal pending from the filing of notice of appeal will be permitted to be docketed without payment of fee, but the appeal will thereupon be dismissed as being frivolous.

Appeal dismissed.