UNITED STATES of America, Appellee,

v.

Louis Joseph MILETO, Appellant.

No. 579, Docket 34104.

United States Court of Appeals, Second Circuit.

Submitted Feb. 26, 1970.

Decided Nov. 11, 1970.

---

* Of the Eighth Circuit, sitting by designation.

Edward R. Neaher, U. S. Atty. for Eastern District of N. Y., and Bruce Solow, Asst. U. S. Atty., for appellee.

Louis Joseph Mileto, appellant, pro se.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and DOOLING, District Judge.[*]

PER CURIAM:

On April 25, 1968, Mileto pleaded guilty in the Eastern District before Judge Bruchhausen to possession of another's draft card for purposes of false identification, 50 U.S.C. App. § 462(b) (1964). A sentence of four years' imprisonment was imposed by Judge Zavatt on June 6, 1968, which defendant is now serving.

On June 5, 1969, Mileto moved under section 2255 to vacate his sentence and set aside his plea on the ground, among others, that his plea was not taken in conformity with Rule 11 as (1) the clerk, rather than the judge, asked Mileto the questions set forth in Rule 11; and (2) the judge had not familiarized himself with the factual basis for the plea, but relied entirely on the scanty allegations of the indictment. Judge Bruchhausen denied the motion of June 24, 1969, without a hearing, and this appeal followed.

By motion to this court, the government confessed error and asked that the case be remanded to Judge Bruchhausen for a finding as to whether by means other than an inquiry at the time of pleading he had satisfied himself when he took the plea of its factual basis. Manley v. United States, 432 F.2d 1241 (2d Cir. 1970) held that, for pleas taken after the revision of Rule 11 went into effect but before April 2, 1969, where it does not appear in the record whether the district judge who imposed sentence or who accepted the plea knew that there was a factual basis for the plea, and there is reason to believe that a hearing would show that the court was aware of a factual basis for the plea before judgment was entered, then the district court should hold a hearing and make a finding thereon. Accordingly, we order the case remanded for such a finding.

Mileto's contention that the plea must be vacated because the clerk, rather than the judge, interrogated him is rejected in light of Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) and United States v. Delsanter, 433 F.2d 972 (2d Cir. 1970).

Remanded.

[*] Sitting by designation.