**UNITED STATES of America,
Appellee,**

v.

**Dudley E. G. ANTOINE, Appellant.**

**No. 319, Docket 34797.**

United States Court of Appeals,
Second Circuit.

Submitted Nov. 17, 1970.

Decided Nov. 19, 1970.

Joshua N. Koplovitz, Koplovitz & Fabricant, New York City, for appellant.

Edward R. Korman, Asst. U. S. Atty. (David G. Trager, Asst. U. S. Atty., of counsel; Edward R. Neaher, U. S. Atty. for Eastern District of New York, on the brief), for appellee.

Before KAUFMAN, HAYS and GIBBONS,* Circuit Judges.

PER CURIAM:

Appellant Antoine attacks the validity of his guilty plea, entered on April 29, 1968, to an information charging him with "wilfully and knowingly bringing into * * * the United States * * * an alien not lawfully entitled to enter or reside" here "after inducing the alien * * * to enter" this country. 8 U.S.C. § 1324. Antoine was given a suspended sentence and placed on probation for a period of five years.

 Subsequently Antoine applied to the sentencing court to vacate this sentence (apparently pursuant to 28 U. S.C. § 2255) on the ground that he had pleaded guilty involuntarily, averring that he was persuaded to do so by an investigator for the Immigration and Naturalization Service. Judge Bruchhausen held, without a hearing, that it "is apparent that the petitioner's plea was entered voluntarily and understandingly." We agree. Before entering his plea, Antoine expressly denied that any threats or promises were made to induce him to plead guilty. Moreover, petitioner's allegations of advice and persuasion, not amounting to threats, by a person not an officer of the court could, even if proved, never establish the sort of compulsion that would invalidate a plea entered with full understanding of the consequences. See United States v. Malcolm, 432 F.2d 809 (2d Cir. 1970).

██ In addition, however, Antoine contends for the first time on this appeal that his plea was not entered in conformity with Rule 11 of the Federal Rules of Criminal Procedure on the grounds that (1) Judge Bruchhausen did not address Antoine "personally" nor "determin[e] that the plea [was] made voluntarily with understanding of the nature of the charge and the consequences of the plea" nor (3) satisfy himself "that there [was] a factual basis for the plea." It is evident upon the record that Judge Bruchhausen did indeed address Antoine personally and, as we have indicated, found that the plea was entered knowingly and willingly. But, the record does not disclose whether "the court was aware of a factual basis" for Antoine's plea that he "knowingly and wilfully" violated 8 U.S.C. § 1324. Accordingly, we remand to the district court for a hearing and finding on that question. Manley v. United States, 432 F.2d 1241 (2d Cir. 1970). See Schworak v. United States, 419 F.2d 1313 (2d Cir. 1970).

---

* Of the United States Court of Appeals for the Third Circuit, sitting by designation.