**Carrell Opel REW, Jr., Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56342.**

Supreme Court of Missouri,
Division No. 1.

Nov. 8, 1971.

Felix V. Gross, Pleasant Hill, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief, after hearing, in proceeding under Supreme Court Rule 27.26, V.A.M.R., to set aside conviction and four-year sentence entered on plea of guilty to charge of operating motor vehicle without the consent of the owner. § 560.175, RSMo 1969, V.A.M.S.

On May 19, 1967, Corporal Battmer of the Missouri State Highway Patrol was patrolling on U. S. Route 50 in Jackson County. He received a radio report that a brown 1967 Mustang Fastback had been reported stolen in Harrisonville. A short time later he saw a vehicle answering the description of the stolen car, and pursued it, eventually finding it stopped in a farmer's driveway. He checked for the license number of the car reported stolen and found the car before him had that license. When he stopped his patrol car, the movant, Carrell Opel Rew, Jr., started walking from the Mustang toward the patrol car. According to the trooper's testimony on the 27.26 hearing, he drew his revolver as Rew approached and ordered him to place his hands behind his head. Rew's person was searched and he was handcuffed. The trooper testified that he read Miranda warnings from a card to Rew and then asked Rew if he had stolen the car and Rew said he had. Rew told the trooper that two other persons in the car were hitchhikers and had nothing to do with the theft.

Rew was taken to Patrol Headquarters at Lee's Summit. After preliminary hearing in the magistrate court, Rew was bound over to the circuit court and released on bond. On May 29, 1967, Rew appeared in circuit court for arraignment and a plea of not guilty was entered on his behalf. The court appointed an attorney to represent Rew and the magistrate court bond was continued.

In January, 1968, the appointed attorney was permitted to withdraw because Rew had employed an attorney. Rew did not complete the employment of his own attor-

ney and on April 17, 1968, Rew appeared in circuit court and Elvin S. Douglas, Jr., was appointed as his attorney. On June 6, 1968, Rew and Douglas appeared in circuit court and Rew entered a plea of guilty and at Rew's request a pre-sentence investigation was ordered. On September 13, 1968, Rew and Douglas appeared in the circuit court and a sentence of four years was imposed. Rew's application for parole was granted and he was placed on parole. In January 1970, the parole was revoked and Rew was imprisoned. On July 25, 1970, he filed a motion under Supreme Court Rule 27.26, V.A.M.R., to set aside his conviction. Numerous grounds were alleged, those now pertinent being referred to hereafter. Counsel was appointed for Rew and a hearing was held at which Rew, Corporal Battmer and Douglas testified. The trial court entered findings of fact and conclusions of law adverse to Rew's claim. This appeal followed.

█ The first contention here is that the trial court should have set aside his conviction because it was based upon an unlawful arrest, followed by an illegal search, with a confession obtained without the presence of counsel. (Rew testified that the trooper asked him if he stole the car before he advised him of his rights, and he said "Yes" because the trooper was pressing a gun against his neck. The trial court found that Rew had been warned before any interrogation and that he had not been physically abused.) Decisive of the issue here presented is the trial court's finding that the plea of guilty was voluntarily given. No contention is made that the alleged preliminary defects induced the plea of guilty and the voluntary plea precludes relief here on the grounds alleged. Turley v. State, Mo.Sup., 439 S.W.2d 521, 524[1–6]; Maxwell v. State, Mo.Sup., 459 S.W.2d 388, 392[2]. We add, without going into detail as to each of appellant's contentions, that the trial court's adverse findings on all of these issues have not been directly attacked by appellant and, in any event, are adequately supported by the record.

█ The second contention here is that of misleading by appointed counsel. Rew himself did not testify that his plea resulted from any misleading advice of counsel. The advice now claimed to have been misleading, that Rew could not make a successful defense before a jury and that the matter of a parole was of paramount importance, was based upon the best judgment of the attorney upon investigation of the case and affords no basis for relief.

█ The final contention here is that the conviction should be set aside and movant discharged because he was not granted a speedy trial in that, although he entered his plea of guilty at the third term after the information was filed, he was not sentenced until the next, or fourth term. In support of this contention, appellant seeks to invoke § 545.850 and § 545.920, RSMo 1959, V.A.M.S. Without getting into the application of the provisions relied upon, the law is settled that the provisions of such statutes are not jurisdictional and are waived unless timely invoked. The entry of the plea of guilty ended all questions based upon either statutory or constitutional guaranties of a speedy trial. State v. Barrett, Mo.Sup., 406 S.W.2d 602, 604[3–5]; Pate v. United States, 8th Cir., 297 F.2d 166, cert. den., 370 U.S. 928, 82 S.Ct. 1569, 8 L.Ed.2d 507.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.