v.

UNITED STATES of America, Respondent-Appellee.

No. 308, Docket 71–1381.

United States Court of Appeals, Second Circuit.

Argued Nov. 18, 1971.

Decided Dec. 28, 1971.

---

* The names of the Petitioner-Appellant and his accomplices have been deleted for his own welfare.

Bernard W. Nussbaum, New York City (Douglas S. Liebhafsky, Steven M. Barna, New York City, of counsel), for petitioner-appellant.

Ronald E. DePetris, Asst. U. S. Atty., Brooklyn, N. Y. (Robert A. Morse, U. S. Atty., David G. Trager, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for respondent-appellee.

Before MOORE, HAYS and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

Petitioner appeals from the order of Hon. Jacob Mishler, Chief Judge, United States District Court, Eastern District of New York, entered February 11, 1971, denying his petition to vacate a judgment of conviction and sentence pursuant to 28 U.S.C. § 2255. We affirm.

Indictments 68 CR 24 and 68 CR 26 charged the appellant and others with bank robberies at the Bankers Trust Company in Maspeth, Queens, on November 30, 1967 and the Bayside Federal Savings and Loan Association on November 17, 1967. Each indictment contained two counts, the first charging a violation of 18 U.S.C. § 2113(a) (1964) and the second charging a violation 18 U.S.C. § 2113(d) (1964).

On February 8, 1968, petitioner withdrew his pleas of not guilty to the first count of each of the two indictments and pleaded guilty before Judge Mishler. On May 10, 1968 he appeared for sentencing before District Judge Walter Bruchhausen who sentenced him to consecutive terms of ten years on each of the Section 2113(a) violations (the maximum term under this section is twenty years on each count). The two Section 2113(d) counts which carried a maximum sentence of twenty-five years each, were dismissed on the government's motion.

A motion, made by counsel on August 19th, 1968 seeking a reduction of sentence on the ground that petitioner had cooperated with the government and that an Assistant United States Attorney was willing to convey to the sentencing judge the fact of this cooperation, was denied by Judge Bruchhausen on August 30, 1968. An application dated August 30, 1968 submitted by petitioner to Judge Bruchhausen, also seeking a reduction of sentence, was denied on September 6, 1968. On October 11, 1968, counsel for petitioner sought reargument of his motion to reduce sentence. The motion papers included an affidavit of the former Assistant United States Attorney setting forth petitioner's cooperation. This motion was denied by order of Judge Bruchhausen whose memorandum stated that he was aware of "The matters recited in the motion papers as well as other factors and took them into consideration." He also held in any event that the Rule 35 motion was time barred after 120 days.

On January 9, 1970 another motion was made on petitioner's behalf in the Eastern District, seeking a withdrawal of his guilty plea and a vacation of the sentence and either a resentence under the Youth Corrections Act or alternatively a change of the sentences to run concurrently instead of consecutively. The grounds alleged were that the court did not comply with the requirements of Fed.R.Crim.P. 11 since the plea judge had failed to advise of the consequences of the plea and further that the Assistant United States Attorney led petitioner to believe that he would be sentenced under the Youth Corrections Act. By order dated January 30, 1970, Judge Bruchhausen ordered that petitioner's sentences of ten years run concurrently rather than consecutively.

In the meantime, on December 8, 1970, the present application to vacate the sentence was made pursuant to 28 U.S.C. § 2255. The petition once again alleged that the plea was not voluntary since the sentencing court failed to inform the petitioner of the allowable range of punishment which could be imposed and further that petitioner was led to believe that he would be sentenced under the Youth Corrections Act. Judge Mishler held a hearing on January 15, 1961 and in a memorandum and order dated February 11, 1971, dismissed the petition. On this appeal there is no challenge to either of the two grounds urged in the petition but rather on two further grounds raised at the hearing—that the guilty plea on February 8, 1968 was taken in violation of Rule 11 since Judge Mishler failed to ascertain whether there was a factual basis for the plea, and that the plea was induced by an unkept promise by the Assistant United States Attorney to make petitioner's cooperation known to the sentencing judge.

The defendant here was eighteen years of age when he pleaded and was sentenced. He surrendered himself voluntarily to the F.B.I. office and freely admitted his participation in three bank robberies. While his motive has been characterized on appeal and in the numerous proceedings below as indicative of a recognition of guilt and a desire to straighten out his life, in view of the similar prompt cooperation of two of his accomplices, it is at least equally inferable that the motive was to seek lenient treatment. In any event, petitioner who was initially represented by assigned counsel as of February 2, 1968, retained

an experienced trial counsel who, at that time, indicated to Judge Mishler that there was some indication of a disposition and requested an adjournment on that basis. In the plea proceeding on the adjourned date, retained counsel requested leave to enter a plea of guilty to the two lesser counts charging bank robbery (18 U.S.C. § 2113(a) (1964)). The court asked the defendant his age, the clerk read the two indictments and asked the routine questions in which the defendant acknowledged that he had the right to compulsory process to obtain witnesses, that he had the right to be confronted by witnesses against him, that he could be sentenced to jail and that he had not been induced by threats or promises to plead guilty. The defendant then pleaded guilty and was asked by Judge Mishler if he correctly understood that petitioner wanted to plead guilty and finally the Judge asked "Are you pleading guilty because you are guilty?" To which defendant answered "Yes." Defendant was not sentenced then but he did testify before a jury on April 8th and 9th, 1968 as a government witness against one of his partners in the robbery of the Bankers Trust Company in Maspeth, Queens. The sentencing of defendant took place on May 10, 1968 before Judge Walter Bruchhausen who had presided at the trial where he had testified against his partner. The defendant was represented by the same retained counsel who had represented him at the time of plea before Judge Mishler. Counsel sought youthful offender treatment for petitioner and commented that the sentencing judge not only had a full and complete probation report but was also familiar, as presiding judge, with his cooperation on the trial of his co-defendant. The court responded that he had taken all these matters into consideration and "[c]ertainly, the fact that the defendant has cooperated."

## I

On this appeal defendant's first argument is that the plea must be vacated because the plea judge, as distinguished from the sentencing judge, had failed to assure himself that there was a "factual basis" for the charge under Rule 11. While McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) did require a literal compliance with Rule 11, it apparently went beyond the specific language of the Rule in requiring that the plea judge personally assure himself of the factual basis for the charge. Amended Rule 11 by its terms provides: "The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." The court entering judgment here was the sentencing court, Judge Bruchhausen, and not Judge Mishler, the plea judge. McCarthy is not controlling here since the Supreme Court has held in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) that McCarthy is not to be applied retroactively but would only govern pleas accepted after the date of the decision, April 2, 1969.

In Manley v. United States, 432 F.2d 1241 (2d Cir. 1970) (en banc) this court held a pre-McCarthy plea valid although the plea judge had not personally inquired into the factual basis of the plea. This court found that the factual basis had been demonstrated to the same judge at an evidentiary suppression hearing held prior to his acceptance of the defendant's plea. Judge Lumbard's opinion states "With respect to pleas of guilty taken prior to April 2, 1969, we construe the holdings of McCarthy and Halliday not to require any further inquiry into whether the judge in accepting the plea of guilty had satisfied himself that there was a factual basis for the plea if it is apparent in the record of the case that there was a factual basis for the plea which was known to the judge who imposed sentence." 432 F.2d at 1244.

While this statement is dicta, we cannot believe that it was inadvertent. It was followed in Smith v. United States, 319 F.Supp. 1359 (D.Vt.1970) where a pre-McCarthy plea had been accepted by

the judge without either inquiry into or independent knowledge of the factual basis for the charge. At the time of sentence however, the defendant spoke at some length supplying the factual basis. The district court held that since the factual basis was developed before sentence was imposed and judgment entered, the plea was valid.

Other post-*Manley* cases relied upon by appellant are not persuasive. United States v. Fernandez, 428 F.2d 578 (2d Cir. 1970) involved a post-*McCarthy* plea. United States v. Antoine, 434 F. 2d 930 (2d Cir. 1970) holds that the record did not there disclose a factual basis but did not discuss the question as to what point of time, plea or sentence, this must appear. United States v. Mileto, 434 F.2d 251 (2d Cir. 1970) if anything is contrary to appellant's position. The court there cites *Manley, supra,* as holding that "for pleas taken after the revision of Rule 11 went into effect but before April 2, 1969, where it does not appear in the record whether *the district judge who imposed sentence or who accepted the plea* knew that there was a factual basis for the plea, and there is reason to believe that a hearing would show that the court was aware of a factual basis for the plea before judgment was entered, then the district court should hold a hearing and make a finding thereon." United States v. Mileto, *supra,* 434 F.2d at 252 (emphasis added). This is a *per curiam* opinion and one member of the panel, Judge Lumbard, was the author of the en banc *Manley* opinion.

We hold that where the sentencing judge has ascertained the factual basis and the record so shows, the defendant who pleaded pre-*McCarthy* cannot attack the plea simply because the plea judge did not make a similar finding. This accords with the language of *Manley* and is literally in accord with the present language of Rule 11 which, as we have indicated, places the onus of determining factual basis on the court entering judgment. The Advisory Committee Note to Rule 11 is explicit: "A new sentence is added at the end of the rule to impose a duty on the court in cases where the defendant pleads guilty to satisfy itself that there is a factual basis for the plea before entering judgment." 39 F.R.D. at 172.

That the crucial time for determining the factual basis is at the time of entering judgment (after sentencing) is also the view taken by the American Bar Association Project on Minimum Standards for Criminal Justice in its Standards Relating to Pleas of Guilty: 1.6 Determining accuracy of plea (Approved Draft 1968): "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as may satisfy it that there is a factual basis for the plea." See also the Preliminary Draft of Proposed Amendments to the Federal Rules of Criminal Procedure. R. 11(f), 52 F.R.D. 415, 418 & 430–431.

In this case, although the judge who accepted petitioner's plea, did not adequately determine that there was a factual basis for the charge, we believe that the record establishes clearly that the sentencing judge did. There can be no question with respect to Indictment 68 CR 24 since Judge Bruchhausen presided at the trial of petitioner's partner at which petitioner testified for parts of two days and fully disclosed his participation in the Bankers Trust robbery.

The Bayside Federal Savings and Loan Association robbery (Indictment 68 CR 26), presents a closer case but we believe that the factual basis here too was established in the record before sentence was imposed. As *McCarthy* itself teaches "The nature of the inquiry required * * * must necessarily vary from case to case, and, therefore, we do not establish any general guidelines other than those expressed in the Rule itself. As our discussion of the facts in this particular case suggests, however, where the charge encompasses lesser included offenses, personally addressing the defendant as to his understanding of the essential elements of the charge to

which he pleads guilty would seem a necessary prerequisite to a determination that he understands the meaning of the charge." McCarthy v. United States, *supra*, 394 U.S. at 467–468, 89 S.Ct. at 1171 n. 20.

The circumstances of the case compel assurance that petitioner was guilty, that he knew the nature of the crime and that the sentencing judge had that assurance. The crimes were two armed bank robberies occurring within two weeks of each other in Long Island; the guilty pleas were to the lesser offenses; the elements of the crime are hardly complicated; the defendant was represented before plea by competent counsel of his own choosing who obtained a week's adjournment before petitioner took the pleas. He confessed to participation in three bank robberies, he cooperated in the trial of his partner where another coconspirator testified that he and petitioner had been involved in two other bank robberies. Judge Bruchhausen stated on sentencing that he was familiar with the presentence report and in a letter to the Assistant United States Attorney, dated November 5, 1971, he stated that at the time of sentencing petitioner "I was fully familiar with the contents of the presentence report, which had been in possession since on or about March 14, 1968." Judge Bruchhausen then quoted portions of the presentence report which confirmed that petitioner had voluntarily surrendered, fully admitted his participation in the three bank robberies, implicated his co-felons and also revealed that petitioner had enlisted his uncle and another to participate with him. As to pre-*McCarthy* pleas, it is sufficient if the factual basis of the charge is supplied by the presentence report. See Advisory Committee Note to Rule 11, 39 F.R.D. at 172.

## II

■  Appellant's second argument on appeal is that the prosecutor, Assistant United States Attorney Wohl, promised petitioner that if he pleaded guilty and cooperated by testifying against his partner, his cooperation would be made known to the sentencing judge. The Assistant United States Attorney resigned before the sentencing date and was unable to personally apprise Judge Bruchhausen of petitioner's cooperation. It is urged that since the government thus reneged on its promise, the defendant's plea therefore became involuntary and due process of law was denied him.

As has been already pointed out when petitioner was initially arraigned and took his plea with retained counsel in addition to the routine voluntariness inquiries, he specifically stated that his plea was not induced by any promises. In fact, he had surrendered voluntarily and cooperated even before he retained counsel. Mr. Wohl testified at the hearing before Judge Mishler on January 15th when the principal claim of appellant was that his plea was induced by a promise of youthful offender treatment. At that time he did state that he promised that petitioner's cooperation would be made known to the sentencing judge either by him personally or by the probation authorities. It is now argued that the promise was not kept even though it was not a promise that bound the Assistant United States Attorney personally since it could be made by the probation authorities. It is argued that the record fails to show that the government directly or through the Probation Department, made this cooperation known to the sentencing judge at the time of sentencing and hence it was not literally kept and the plea must be vacated.

This overlooks the facts that petitioner's presentence report described the cooperation he had given prior to testifying against his partner and that, at the hearing, Wohl further testified that although he wished he had been present at the sentencing, "I know that my promise to him was kept and that the cooperation was made known to the sentencing judge." Since Judge Bruchhausen had conducted the trial where petitioner testified against his partner, it is inconceivable that there could be any stronger or more

persuasive evidence of his cooperation than that which the sentencing judge personally observed. As Judge Mishler pointed out below, "But what could have been said more than the sentencing judge knew by conducting the trial against [petitioner's partner].?" In light of all these factors we find that the promise was substantially kept and that in view of Judge Bruchhausen's presence during the partner's trial and petitioner's presentence report, there is no reason to vacate his plea.*

■ Even assuming the prosecutor's promise was not kept, it does not follow that petitioner's plea was involuntary. On appeal appellant has constantly urged that his cooperation and ready admission of guilt were prompted by his desire to purge himself of guilt, to reform his life and that he was contrite. As the Supreme Court pointed out in Brady v. United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) a guilty plea is the product of many factors and its voluntariness can be determined only by considering "all of the relevant factors." This court has reached the same conclusion in recent cases, United States v. Lombardozzi, 436 F.2d 878, 880 (2d Cir.), cert. denied, 402 U.S. 908, 91 S.Ct. 1379, 28 L.Ed.2d 648 (1971), and United States v. Malcolm, 432 F.2d 809, 814 (2d Cir. 1970). All of the relevant factors here indicate that petitioner's pleas were voluntary. He voluntarily pleaded guilty and he was in fact guilty.

We have considered appellant's other arguments and find them to be without merit.

Affirmed.

HAYS, Circuit Judge (concurring):

I am compelled to concur in Judge Mulligan's opinion since it is based upon the governing authorities.

Of course we have no power to reduce sentence, even where the sentence is obviously unjust and unwise. However I do not believe that we should pass this case without remarking on the adverse effect that we surely must expect from the nature of the sentence. Here an eighteen year old boy who turned himself in to the F.B.I. and who cooperated fully with the prosecution in giving information and in testifying against another defendant, and who pleaded guilty on the basis of a promise by the prosecution to bring his cooperation to the attention of the sentencing judge, was sentenced originally to twenty years in prison while the other defendant, who was convicted on the basis of appellant's testimony, was sentenced to ten years. While it is true that appellant's sentence was eventually reduced to ten years, the treatment of his case seems hardly likely to encourage cooperation from future defendants.

---

* The recent opinion of the Supreme Court, Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) is not in point. In that case the prosecutor, in exchange for Santobello's guilty plea, agreed to make no recommendation as to the sentence to the sentencing judge. However, on sentence another prosecutor who had not known of the plea bargaining, recommended the maximum term. This was a clear violation however inadvertent, of the initial promise. In the instant case the promise was substantially kept and the sentencing judge was fully aware in any event of the defendant's cooperation. The *Santobello* case in a dictum 404 U.S. at 261, 92 S.Ct. at 498, supports the proposition that it is the role of the sentencing judge to determine the factual basis for the plea.