Robert SCHULER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 56317.

Supreme Court of Missouri,
Division No. 1.

Feb. 22, 1972.

Ted M. Henson, Jr., Poplar Bluff, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief in proceeding to set aside judgment and sentence of 20 years' imprisonment on plea of guilty for second degree murder.

On January 20, 1952, Jessie Ross was shot and killed in a grocery store he operated in Butler County. His wife was present at the time of the shooting, involving two robbers.

In March, 1952, movant-appellant, Robert Schuler, had been sentenced to imprisonment in the Kansas State Penitentiary. In May, 1952, Ross's widow viewed appellant at the Kansas State Penitentiary and identified him as the man who shot her husband. Subsequently, Schuler was charged with first degree murder in Ross' death.

In October, 1958, Schuler was discharged from prison and was free until February, 1959, when he was again convicted of a crime in Kansas and imprisoned. In April,

1962, he was paroled and released to Missouri authorities to face the Butler County charge.

On May 29, 1962, a preliminary hearing was held in the Butler County Magistrate Court, with appellant represented by Mr. Ralph Bloodworth who had been employed by appellant's mother. Appellant was bound over to the circuit court on a charge of murder in the first degree.

On July 24, 1962, appellant and Bloodworth appeared in the Butler County Circuit Court. Defendant entered a plea of guilty to a charge of murder in the second degree and was sentenced to 20 years' imprisonment.

On November 25, 1969, a motion for relief from that sentence was filed in the Butler County Circuit Court. An attorney was appointed to represent appellant and a hearing held. The trial court denied relief and this appeal followed.

Appellant's first contention is that the trial court erred in failing to find his plea of guilty involuntary, based upon his testimony that his plea was the result of pressure brought to bear by his mother who told him that his father was seriously ill and would surely have a stroke and die if movant stood trial. Mr. Bloodworth testified that appellant at no time discussed his father's health with him, but entered his plea.

■ On the basis of this evidence the trial court found that appellant's plea of guilty was not the result of coercion. On the conflicting evidence, that conclusion cannot be said to be clearly erroneous. Supreme Court Rule 27.26(j), V.A.M.R.

■ Furthemore, the coercion relied upon by appellant would not, as a matter of law, render his plea involuntary. All that movant claimed was that his mother induced the plea because of his father's health. This is not the sort of coercion which renders a knowing and understanding plea involuntary. State v. Maloney, Mo.Sup., 434 S.W.2d 487, 494 [2–5]; see United States v. Antoine, 2nd Cir., 434 F.2d 930, 931 [1, 2]; Brady v. United States, 397 U.S. 742, 750, 90 S.Ct. 1463, 25 L.Ed.2d 747.

■ Related to this contention is the claim that the sentence should be vacated for failure of the sentencing court to comply with Supreme Court Rule 25.04, V.A.M.R. In this proceeding, the trial court found such failure on the part of the sentencing court and that failure is obvious from the transcript of the sentencing proceedings. The information was read to the defendant. The court asked him whether or not he understood that he was charged with murdering Jessie Ross and the defendant answered affirmatively. The attorney announced the defendant's plea and no interrogation of the defendant, as contemplated by Supreme Court Rule 25.04, occurred.

However, the evidence on the 27.26 hearing clearly showed that the defendant had authorized his attorney to enter the plea. His attorney had advised him of the range of punishment on the original charge of murder in the first degree. He was aware that the prosecutor would recommend a 20-year sentence on the reduced charge of murder in the second degree. This case involved defendant's fourth entry of a plea of guilty. He said that he knew about his right to trial by jury and his right to confront witnesses against him. Under the evidence here, appellant's plea was shown to have been voluntary, knowing and understanding, and absence of literal compliance with Supreme Court Rule 25.04 does not entitle the appellant to relief. State v. Mountjoy, Mo.Sup., 420 S.W.2d 316.

Appellant relies on the case of State v. Roach, Mo.Sup., 447 S.W.2d 553, as authority for his contention that he is entitled to relief for noncompliance with Rule 25.04. He argues that the interrogation of the defendant in Roach was much more detailed than that in the present case, but

that it was still inadequate to sustain the plea of guilty. The difficulty with the plea in Roach was that it had been induced by a reasonable expectation of the defendant, caused in part by the prosecutor, of probation. The basis of such a belief appeared when the plea was entered but the court failed to inquire into the matter and its failure to do so left the plea open to attack on the grounds that it was involuntary. The ultimate question in a case such as this is whether or not the plea was voluntary, and knowingly and understandingly made. In Roach, the evidence showed the plea was not voluntary. In this case, the evidence showed that the plea was voluntary.

Appellant's contentions that he was denied his right to a speedy trial and that he was identified in an illegal lineup form no basis for relief in view of his plea of guilty. Rew v. State, Mo.Sup., 472 S.W.2d 611, 613 [3]; Turley v. State, Mo.Sup., 439 S.W.2d 521, 524–525 [1–6].

Appellant's reliance, insofar as the speedy trial issue is concerned, upon Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26, is misplaced. Neither of those cases involved a plea of guilty. Both involved a defendant imprisoned in one jurisdiction who was demanding a trial on a pending charge in another. See Short v. Cardwell, 6th Cir., 444 F.2d 1368. Nor is counsel at the sentencing to be faulted for failing to have anticipated the Smith and Dickey decisions. Brady v. United States, supra, 397 U.S. 757, 90 S.Ct. 1463, 25 L.Ed.2d 747.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HOLMAN, P. J., SEILER, J., and PRITCHARD, Special Judge, concur; BARDGETT, J., not sitting.