Sidney Theodore BEACH, Appellant,

v.

STATE of Missouri, Respondent.

No. 56586.

Supreme Court of Missouri,
Division No. 2.

Dec. 11, 1972.

Motion for Rehearing or to Transfer to Court
En Banc Denied Jan. 8 1973.

degree murder and assault with intent to kill with malice, entered upon pleas of guilty. We have jurisdiction, the notice of appeal having been filed before January 1, 1972. Art. V, §§ 3, 31, Constitution of Missouri, 1945, V.A.M.S.

Appellant's first point is that the court erred in denying his motion to vacate for the reason that the court's finding "did not determine the period during which the attorney had authority to act for petitioner"; that the court should have found that the attorney had such authority for a period of approximately one month.

Shortly after the indictment was returned appellant's brother hired attorney Walter Brady to represent appellant. Walter Brady entered his appearance as attorney for appellant on April 1, 1968. Appellant testified that he discharged Walter Brady sometime in April, 1968. The record shows that on October 2, 1968 appellant, acting pro se, filed a motion for a hearing on violation of constitutional rights in the Circuit Court of the City of St. Louis, claiming that he had been denied a speedy trial. On October 24, 1968 Walter Brady appeared in court and procured an order that October 2 motion be passed. As a result the motion was never called up for hearing prior to the time appellant pleaded guilty to the two charges (in May and June, 1969). Although not spelled out with clarity it seems to be appellant's position under his first point that the judgments and sentences should be vacated because of the failure of the court to find that attorney Walter Brady's authority to act as his counsel terminated in April, 1968 and that his subsequent action in making the unauthorized court appearance on October 24 constituted a derogation of his constitutional rights to petition and to a speedy trial.

■ There is no merit in this point. The delay did not deprive the circuit court of jurisdiction or invalidate the conviction and there is no showing that the alleged frustration of his right to petition and to a

M. J. Croghan, Jr., St. Louis, for appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

This is an appeal from a judgment denying Sidney Theodore Beach's Criminal Rule 27.26, V.A.M.R., motion to vacate concurrent 10-year sentences for second

speedy trial affected the fairness of his trials in May and June, 1969. State v. Caffey, Mo.Sup., 438 S.W.2d 167. Furthermore, "A plea of guilty voluntarily made with understanding of the nature of the charge is conclusivie as to guilt and waives all nonjurisdictional, procedural and constitutional infirmities, if any, in any prior stage of the proceeding. [Citing seven decisions.]" Geren v. State, Mo.Sup., 473 S.W.2d 704, 707. "The entry of the plea of guilty ended all questions based upon either statutory or constitutional guaranties of a speedy trial. State v. Barrett, Mo.Sup., 406 S.W.2d 602, 604 [3–5]; Pate v. United States, 8th Cir., 297 F.2d 166, cert. den., 370 U.S. 928, 82 S.Ct. 1569, 8 L.Ed.2d 507." Rew v. State, Mo.Sup., 472 S.W.2d 611, 613 [3].

Appellant's second point is that he did not plead guilty voluntarily; that the sequence of events from the date of his arrest to the time he entered his pleas of guilty "served to degrade petitioner's mental attitude to the extent that it was impossible for him to enter intelligent and fully voluntary pleas of guilty." He points to the search of his room and effects and the seizure of his automobile at the time of his arrest; the disclosures of guilt to psychiatrists at the state hospital where he was taken for psychiatric examination, made without an attorney being present and at the importuning of the hospital employees; the continuance of his cases and the passing of his pro se motion without his knowledge, in violation of his rights; the appointment and withdrawal of a succession of lawyers; the representation of attorney Myron Gollub that he would receive probation, and the failure of the sentencing court to mention that by pleading guilty appellant would lose the constitutional right to confront his accusers and the privilege against self-incrimination.

Appellant had the benefit of the advice of six lawyers. He conceded that all of the lawyers explained to him his right to trial by jury and the possible outcome of a trial by jury. That he understood his right to trial by jury is further indicated by the fact that this 47-year-old man, with an education through the third year of high school, prepared a pro se motion claiming his right to "a speedy and just trial by jury."

That the court did not commit error in not finding that appellant pleaded guilty on the basis of representations by his attorney that he would receive probation is clear from the record, made at the time he entered his plea in May, 1969, as follows:

"THE COURT: Do you understand that if I do refer it to the Probation Office that you may or may not be placed on probation, irrespective of what they say? Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Obviously, if they say you should not be, you have no chance. Do you understand that?

"THE DEFENDANT: Yes, I understand.

"THE COURT: If they say you should be placed on probation, then that would give me some guide-lines. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: But I would not have to follow it?

"THE DEFENDANT: I understand.

"THE COURT: Did anyone promise you that you would be placed on probation if I accepted your plea of guilty?

"THE DEFENDANT: No, sir.

\* \* \* \* \* \*

"THE COURT: \* \* \* [T]he Court will accept your plea of guilty and I will refer it to the Probation Office, but I don't want you under any circumstances to get your hopes all built up that you are going to be placed on probation because there is one thing that this Court is opposed to, and I told your lawyer that, and that is crimes of violence. There are some

that perhaps I can understand, but to take a gun and shoot at someone, that is a pretty drastic way of scaring someone, and you know that now.

"THE DEFENDANT: Yes, sir."

The record shows that the charges were clearly and fully explained to appellant at the time he entered his pleas.

■ The circuit court had before it not only the factors pointed out by appellant but also other evidence bearing upon the question whether appellant pleaded guilty voluntarily with understanding of the nature of the charge. The circuit court determined, and on this review we agree, that appellant has failed to sustain his burden of showing that manifest injustice resulted from the court's acceptance of appellant's pleas of guilty. On the whole record the finding that appellant "knowingly and voluntarily pled guilty" is not clearly erroneous.

■ For his third point appellant claims error in not finding that his constitutional rights were violated in the following five respects but the complaints, even if true, would not justify vacation of the judgments and sentences: (1) Receipt and transmission to the prosecuting authorities of information obtained at the state hospital during examination of appellant, and the fact that he was not furnished with an attorney when questioned by the psychiatrists at the hospital. Even if a written confession had been obtained which might have been offered in evidence against appellant at a trial, this would not justify the relief sought in this 27.26 proceeding, as long as a plea of guilty was otherwise voluntarily and understandably made. Geren v. State, Mo.Sup., 473 S.W.2d 704, 706–707 [2]; Maxwell v. State, Mo.Sup., 459 S.W. 2d 388, 392 [2], and cases cited. (2) Holding appellant in custody for sixteen months from date of arrest to date of pleas. See the discussion of the first point, supra. (3) Depriving appellant of his liberty and his automobile without a hearing. Claims of illegal search and seizure cannot be raised in proceedings under Criminal Rule 27.26. Smith v. ᵤtate, Mo. Sup., 473 S.W.2d 719 [1]. (4) Failure to accord him a hearing on his pro se motion filed October 2. See the discussion of the first point, supra. (5) Failure to accord him proper medical care, sanitation facilities, and physical exercise, and taking his eyeglasses from him, while in the city jail. "[D]issatisfaction with the conditions of penal servitude while awaiting trial is no ground for vacation of a sentence following a plea of guilty." Jackson v. State, Mo.Sup., 476 S.W.2d 598 [2].

■ Whether the foregoing circumstances and occurrences would constitute ground for some other relief we are not required to decide on this appeal; it is sufficient to say that they do not constitute grounds for vacating and setting aside the judgments of conviction entered upon these voluntary and knowledgeable pleas of guilty in this proceeding. See the quotation from Geren v. State, supra, 473 S.W. 2d l.c. 707.

Appellant's last point is that "the court erred in denying petitioner's motion for the reason that petitioner should have been allowed by the court to withdraw his pleas of guilty."

■ The circuit court found that the pleas of guilty were entered "without any one then or before promising him he would be placed on probation." This finding is supported by the testimony of appellant's attorney Myron Gollub, who testified that he did not at any time guarantee or promise that appellant would receive probation in return for pleading guilty. The trial court having accepted this testimony, the court's finding on this issue was not clearly erroneous. Evans v. State, Mo.Sup., 477 S.W.2d 94, 97 [3]. Furthermore, Myron Gollub prepared and appellant signed the following document (Exhibit 1):

"I authorize my attorney, Myron Gollub, to attempt to arrange disposition of the

**656**

charges against me on the basis of a guilty plea by me to a Second Degree Murder charge. The sentence that I am willing to accept is ten years in the event that probation is not granted and fifteen years, if probation is granted. The charge of Assault with Intent to Kill with Malice, I understand, will be recommended for a sentence not consecutive to the sentence on the murder charge. I have also been informed by my attorney that the assistant circuit attorney will not oppose a probation application, but that there is no certainty that the probation will either be recommended by the Probation Department or granted by the Court.

"I have read the above and agree to the same.

(Signed) Sidney T. Beach."

After passing sentence in the second case (assault with intent to kill with malice) the court observed that the probation office recommended against probation and stated that under the circumstances probation would be denied. Thereupon appellant produced in open court a motion to withdraw the plea of guilty, prepared in advance and brought with him to the courtroom for use in case probation was denied. He stated to the court that he pleaded guilty to this charge with the understanding that he "would make probation"; that he wished to withdraw his plea and stand trial, stating "That was the only reason that I pled guilty to these charges, with that understanding." Confronted with the document, appellant admitted that he signed Exhibit 1.

■ Criminal Rule 27.25 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." A defendant may not by reason of this rule withdraw his plea of guilty as a matter of right. State v. Mountjoy, Mo.Sup., 420 S. W.2d 316, 323. After sentence the procedure may be resorted to only to correct

manifest injustice. The burden is on the defendant to prove by a preponderance of the evidence that manifest injustice resulted from the acceptance of his plea of guilty. It is apparent that appellant failed to meet that burden.

No error appearing, the judgment is affirmed.

.STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and EDWARDS, Special Judge, concur.