Howard H. HULSTINE, Appellant,

v.

STATE of Missouri, Respondent.

No. 36697.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 16, 1975.

Gregory D. O'Shea, St. Louis, for appellant.

Timothy Patterson, Pros. Atty., Hillsboro, Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

SIMEONE, Presiding Judge.

This is an appeal by movant-appellant, Howard Harley Hulstine, from an order of the circuit court of Jefferson County entered on October 16, 1974, denying, after an evidentiary hearing, appellant's motion to vacate sentence filed pursuant to Rule 27.-26.

Appellant and another allegedly committed a robbery and kidnapping in the City of St. Louis on October 9, 1968. The victim and the loot were transported to Jefferson County. In November, 1968, movant was indicted in St. Louis for robbery and kidnapping. In October, 1969, movant filed in the circuit court of the City of St. Louis a motion for discharge on the grounds that the state had failed to accord him a speedy trial pursuant to §§ 545.890 and 545.920, RSMo 1969. Both charges, however, were nolle prosequied by the circuit court in St. Louis on October 21, 1969. Movant was then transported to Jefferson County and charged with assault on December 10, 1969 (which was perpetrated on the victim in Jefferson County) and then charged with the robbery on February 3, 1970. He was tried to a jury on the assault charge in February, 1970, found guilty and after filing a motion for new trial withdrew it. After being found guilty of the assault charge on April 8, 1970, he pleaded guilty to the robbery and was sentenced on the assault. The trial court imposed sentence of fifteen years on each charge concurrently. It is the fifteen year sentence based on the plea of guilty to the robbery that movant seeks to set aside.

In 1970, he filed a motion pursuant to Rule 27.26 to vacate the conviction for assault. This was denied by the trial court and affirmed by the Supreme Court. *Hulstine v. State*, 472 S.W.2d 422 (Mo.1971). Then on March 27, 1973, he filed the present motion seeking to vacate the sentences for robbery and assault.

After a hearing in the circuit court in Jefferson County the trial court denied the movant's motion which contended that the robbery and assault charge should be vacated.

Movant makes two points. He contends on this appeal that (1) the "nolle prosequi issued by the circuit attorney's office of the City of St. Louis to the robbery charge, after more than three terms of court, amounted to a dismissal and subsequent discharge and any refiling by the prosecuting attorney of Jefferson County on the same charge was improper and constituted a defense to appellant" and (2) his "plea [to the robbery charge] . . . was involuntary" apparently because of the allegation that he was unaware of the "defense" that the charge of robbery should have been dismissed because he was denied a speedy trial and that it was nolle prosequied in the circuit court of St. Louis.

In effect, appellant contends he is entitled to an acquittal in the robbery charge because he was not brought to trial before the end of the third term of court in violation of § 545.920, RSMo 1969, and if he had known of this defense, he would not have pleaded guilty to the robbery charge and

would not have withdrawn his motion for new trial on the assault charge; hence, both should be set aside.

The state raises certain technical objections to the appeal, but we need not discuss them because, on the merits, the judgment of the trial court denying the motion to vacate is not clearly erroneous.

■ As to the assault, movant had earlier filed such a motion which was denied and affirmed by the Supreme Court. *Hulstine v. State,* supra. A movant is not entitled to file successive motions. Rule 27.26(d).

■ As to the robbery conviction, the motion was properly denied by the trial court. There is no question that the venue for robbery lay in Jefferson County. § 541.070. The fact that the state entered a nolle prosequi in St. Louis in 1969 did not, as movant contends, entitle him to discharge for the offense. §§ 545.890, 545.920.

■ First, there is no authority to support the appellant's contention that the entry of a nolle prosequi was the equivalent to a discharge. The entry of a nolle prosequi is an action taken by the prosecuting authority, does not operate as an acquittal and does not bar a subsequent prosecution for the same offense. *State v. Montgomery,* 276 S.W.2d 166, 167 (Mo.1955); *State v. Berry,* 298 S.W.2d 429, 432 (Mo.1957); *State v. Fields,* 487 S.W.2d 560, 562 (Mo.1972).

■ Second, although appellant relies on *State v. Wear,* 145 Mo. 162, 46 S.W. 1099 (1898), this case was overruled in *State v. Harper,* 473 S.W.2d 419, 424 (Mo. banc 1971). In *Harper,* it was held that a defendant is not entitled to be released under the statutes simply because the number of terms has elapsed, but in "addition to that he must show that he has demanded a trial, and that such request was made without success for a reasonable length of time before his right to release has been asserted." *State v. Harper,* supra, 473 S.W.2d at 424.

There is nothing in the record to indicate that movant complied with the requirements of *Harper,* supra. In fact, the last continuance prior to movant's motion for discharge was requested by him. Hence, contrary to his position on this appeal, he would not have been entitled to this defense. *State v. Horn,* 498 S.W.2d 771, 774 (Mo.1973).

■ Third, in any event, the right to a speedy trial is not jurisdictional and is waived upon a plea of guilty. *Rew v. State,* 472 S.W.2d 611, 613 (Mo.1971). By pleading guilty to the robbery charge, movant waived any defect.

■■ Fourth, appellant was not entitled to be discharged under § 545.920 because he was not brought to trial within three terms of court. Appellant was charged in St. Louis on November 19, 1968, with robbery and kidnapping. On October 21, 1969, after a motion for discharge was filed on October 3, 1969, the state entered a nolle prosequi to the charges of robbery and kidnapping. The City of St. Louis Circuit Court has five terms of court—February, April, June, December and September. § 478.263. The term in which the indictment is found is not counted. Appellant's own exhibit shows that appellant consented to a continuance during the February 1969 term and requested a continuance during the June 1969 term. Hence, if we do not count the September 1968 term, the February 1969 or the June 1969 term, we have only the April and June 1969 terms, which are to be counted. Hence, appellant does not have benefit of § 545.920.

Any one of the above grounds is sufficient for the trial court to deny the motion. Taken together the court was correct in denying the motion.

■ Appellant's second contention is that his plea was not voluntary. There is no merit to this point. First, ignorance of a technical defense is not sufficient to vitiate the voluntary character of a guilty plea. *Mitchell v. State,* 447 S.W.2d 281, 283–284 (Mo.1969). Second, having concluded that appellant had no defense based on a denial

of a speedy trial at the time he pleaded guilty to the robbery charge, his plea could not have been rendered involuntary because of his lack of knowledge of a defense which he did not have. The test of whether a plea is voluntary is not whether a particular ritual is followed or whether each and every detail is explained but whether in fact the plea is voluntarily and intelligently made and whether the defendant has an understanding of the charge. *Baker v. State,* 524 S.W.2d 144, 147 (Mo.App.1975); *Abrams v. State,* 521 S.W.2d 177, 179 (Mo.App.1975); *Mitchell v. State,* supra, 447 S.W.2d at 284.

We have reviewed the entire transcript, the briefs and the authorities relied upon. We are convinced that the judgment of the trial court is not clearly erroneous.

The judgment is affirmed.

McMILLIAN and GUNN, JJ., concur.