Kenneth SKELTON, Appellant,

v.

STATE of Missouri, Respondent.

No. 29678.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Denise V. Phillips, Asst. Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Mary McClellan, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment denying, after hearing, motion under Rule 27.26.

On December 28, 1976, in the Circuit Court of Boone County, Missouri, the appellant pleaded guilty to a charge of stealing over $50.00. He was sentenced to three years' imprisonment. On February 9, 1977, he filed a 27.26 motion seeking relief from the judgment and sentence. The motion asserted as grounds for relief: that movant was denied his guarantee of due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution because (1) he was not accorded a speedy trial, there having been a two-year interval between the time he was charged and the time he was brought to trial, and (2) he was entitled to jail time credit for the full time that he was confined in jail as a result of a detainer issued by the Boone County Prosecutor's Office.

On November 13, 1974, an affidavit was filed in the Boone County Magistrate Court, charging appellant with theft by deceit, alleged to have occurred on or about August 28, 1974. On November 6, 1974, appellant was arrested in Buena Vista County, Iowa and held on Missouri and Texas detainers. Appellant was extradited to Deaf Smith County, Texas and there pleaded guilty to a charge of stealing on July 23, 1975. He was sentenced to two years in the penitentiary. On this sentence the appellant received jail time credit for the time spent in custody since his arrest in Iowa. On February 6, 1976, appellant pleaded guilty to a theft charge in Ector County, Texas and was sentenced to two years in the penitentiary. He received jail time credit for the time spent in custody since his arrest in Iowa on this sentence also. Appellant was released from prison in Texas on March 29, 1976 and was picked up in Winslow, Arizona on September 6, 1976 on the warrant from Boone County, Missouri. He was transported to Missouri on September 19, 1976 and arraigned in Boone County on September 20, 1976. A preliminary hearing was held on November 5, 1976 and the appellant was arraigned in circuit court on November 15, 1976. On December 28, 1976 appellant entered an equivocal plea of guilty to the charge of theft by deceit. In pleading guilty, appellant stated: "Due to my past record and due to the lapse of time since this charge was committed. I thought I could prove I was in Texas but people there, the police officer said they can't get on the

stand and swear I was there because their memory just isn't that good about the date. So to benefit myself, I am going to have to plead guilty to get it off my back." The court accepted the plea and appellant was sentenced to three years in the Department of Corrections on February 7, 1977. He was granted credit for the 150 days he spent in the Boone County jail. At the conclusion of the evidentiary hearing on this 27.26 motion the trial court denied relief. This appeal followed.

In this court appellant claims that he was deprived of a speedy trial and that he was prejudiced thereby because during the delay his alibi witnesses forgot the exact dates of his presence in Texas. He was, he asserts, thus stripped of his defense and was forced to accept the agreement reached through plea bargaining. This argument is premised upon the assumption that the appellant was charged with the crime on November 13, 1974.

■ However, the prosecution was by complaint and information and not by indictment. As of November 13, 1974, a complaint only had been filed against appellant. An information was not filed against him until after the preliminary examination was held in November, 1976. This being the case, the appellant's right to a speedy trial did not arise until November, 1976 when he was charged by information because the constitutional provision guaranteeing the right to a speedy trial contemplates a pending charge by indictment or information and not merely a complaint which represents a mere possibility that a criminal charge will be filed. *Billings v. State,* 503 S.W.2d 57 (Mo.App.1973); *State v. Strong,* 484 S.W.2d 657 (Mo.1972); *State v. Caffey,* 438 S.W.2d 167 (Mo.1969).

■ In any event, the appellant pleaded guilty to the charge and there is no contention that such plea was given involuntarily or without understanding of the nature of the charge. A plea of guilty voluntarily made with understanding of the nature of the charge is conclusive as to guilt and waives all nonjurisdictional procedural and constitutional infirmities, if any,

in any prior stage of the proceeding. *Geren v. State,* 473 S.W.2d 704 (Mo.1971); *Beach v. State,* 488 S.W.2d 652 (Mo.1972). Hence, the entry of the guilty plea here ended all questions based upon either statutory or constitutional guarantees of a speedy trial. *Hulstine v. State,* 533 S.W.2d 228 (Mo.1975); *Schuler v. State,* 476 S.W.2d 596 (Mo.1972); *Rew v. State,* 472 S.W.2d 611 (Mo.1971).

■ Appellant contends that, under § 546.615(1), RSMo 1975 Supp., he should have been given jail time credit for all the time spent in jail from November 6, 1974 when he was arrested in Iowa through March 29, 1976 when he was released from a Texas prison. He claims that during all that time he was being held on, or the terms of his confinement were affected by, the Missouri detainer and, consequently, all that time he spent in jail should be credited against the sentence ultimately rendered against him on the charge which was the subject of the detainer. This contention is answered by the holding in *Harkins v. Lauf,* 532 S.W.2d 459, 463[2] (Mo. banc 1976). In that case the court stated (532 S.W.2d 463[2]):

"The statute was originally enacted in 1959 and also provided that it was discretionary with the trial court to give credit for confinement prior to sentence. By amendment in 1971 both provisions were made mandatory. Are they applicable to confinement other than when the subject is a state prisoner? We think not. As noted, the second portion of the statute previously authorized discretion as to prior confinement by the sentencing court. Surely the General Assembly was not so presumptuous as to include courts other than those of Missouri. By the same token, the mandatory provisions as to subsequent confinement can only be construed to be applicable to that compelled under the laws of Missouri— and we so hold."

*King v. Wyrick,* 516 F.2d 321 (8th Cir. 1975), relied upon by appellant, is not in point. The court there never discussed whether the time spent in jail on two detainers need be credited on both subsequent sentences or whether time served on one

charge need be credited against another sentence imposed upon a charge pending during the serving of the other. All that was involved in *King* was whether the trial court had or had not allowed jail time credit and, if he hadn't, whether that deprived appellant of equal protection of the laws. The fact that the defendant was charged with two crimes during his incarceration and ultimately received jail time credit on each sentence was merely an incidental fact in that case.

*Umphenour v. State,* 535 S.W.2d 579 (Mo. App.1976), relied upon by appellant, is not controlling here. That case involved multiple charges in Missouri. Foreign imprisonment was not involved. Furthermore, as above noted, appellant received credit for jail time on his Texas sentence. In *Umphenour,* the court noted:

"[I]t is important to point out that a defendant will be given credit only once for the total time spent prior to sentencing; if he is sentenced on another charge by the same or another judge duplicate jail time cannot be given." *Umphenour v. State,* supra, at 581.

There has been no demonstration of error on the part of the trial court. Its judgment should be affirmed.

Judgment affirmed.

All concur.