James **GUICE**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 54088.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 10, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Henry Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

James Guice appeals from the trial court's denial of a post-conviction motion to vacate sentence filed pursuant to Rule 27.-26. Appellant pled guilty on September 15, 1986 to five counts of robbery in the first degree, and five counts of armed criminal action. He was sentenced to two consecutive terms of life imprisonment. We affirm.

After appellant entered his plea of guilty and prior to sentencing, appellant moved to withdraw his guilty plea. A motion hearing was held wherein the court confirmed that appellant had entered a plea of guilty to ten felonies. Having overruled the motion, the court proceeded to sentence the appellant. Subsequently, appellant filed this 27.26 motion, followed by an amended motion prepared with his attorney. Appellant claimed that he was denied his Sixth Amendment right to a speedy trial, rendering his plea involuntary and enabling his conviction to be vacated. Finding appellant's claim to be without merit, the trial court entered findings of fact and conclusions of law adverse to appellant's claim.

■ In holding appellant's Sixth Amendment right to a speedy trial to be waived upon entry of a guilty plea, we rely on *Hulstine v. State*, 533 S.W.2d 228 (Mo.App. 1975). In *Hulstine*, the appellant was convicted of assault and robbery. He filed a 27.26 post-conviction motion, claiming that his guilty plea to the robbery charge was involuntary because his right to a speedy trial had been violated. This court held the Sixth Amendment right to a speedy trial is not jurisdictional and is waived upon a plea of guilty. *Hulstine v. State*, 533 S.W.2d at 230 [6, 7]; *Rew v. State*, 472 S.W.2d 611, 613 [3] (Mo.1971); *See* also *Skelton v. State*, 578 S.W.2d 323 [2, 3] (Mo.App.1979). Therefore, the court held that by pleading guilty, the defendant waived any claim to infringement of his right to a speedy trial. *Hulstine* is analogous to the instant case, in that here the appellant pled guilty and waived any claim to denial of the right to a speedy trial. This point is denied.

■ In addition, appellant's claim of involuntariness of plea is without merit. Whether a plea is voluntary is not determined by whether a particular ritual is followed or whether every detail is explained, but rather whether the plea is voluntarily and intelligently made with an understanding of the charge. *Hulstine v. State*, 533 S.W.2d at 231 [10–12]; *Baker v. State*, 524 S.W.2d 144, 147 [1–3] (Mo.App. 1975); *Abrams v. State*, 521 S.W.2d 177, 179 [1–3] (Mo.App.1975); *Mitchell v. State*, 447 S.W.2d 281, 284 [1] (Mo.1969). Reference to the following excerpt of the guilty

plea transcript clearly confirms the assertion that appellant pled guilty to each of the ten charges voluntarily and intelligently:

> THE COURT: All right. Mr. Guice, you've heard your attorney just enter pleas of guilty to ten felony charges; five robbery first degree, Class A felonies, and five armed criminal actions. Did you give him permission to [do] that, sir?
>
> DEFENDANT: Yes, sir; I did.
>
> .    .    .    .    .
>
> THE COURT: You're saying, Judge, I committed five armed robberies; and in each of those robberies, I used a knife. Therefore, making me guilty of armed criminal action.
>
> Is that what you're pleading guilty to?
>
> DEFENDANT: Yes, sir.
>
> .    .    .    .    .
>
> THE COURT: Are you asking me to accept your pleas of guilty, in all these cases because you are, in fact, guilty?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Has Mr. Walk represented you throughout these proceedings?
>
> DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with that representation?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Has he done anything which you feel has harmed or damaged your position as a defendant in these cases? And when I'm saying "these cases"; it's only one file, but all of these charges are in the one file.
>
> DEFENDANT: No, sir.
>
> .    .    .    .    .
>
> THE COURT: Okay. Finally, Mr. Guice, are you asking me to accept these pleas of guilty because you are, in fact, guilty in all *ten* counts?
>
> DEFENDANT: Yes, sir.

Appellant's claim that he was confused and thought that he was pleading guilty to only one of the robbery charges and one armed criminal action charge is clearly refuted by the guilty plea tran-script. The judge methodically questioned the appellant about his guilt on each charge, prefacing each charge as Count I thru Count X. Additionally, considering that appellant possessed one year of college education, we conclude that he must have known he was pleading guilty to all ten counts.

The plea was entered voluntarily and knowingly. The trial court did not err in overruling appellant's motion to vacate.

Affirmed.

KAROHL, P.J., and SMITH, J., concur.